William C. LUTH, Plaintiff

v.

CLIFTON STEAMSHIP CORPORATION, Defendant and Third-Party Plaintiff

v.

HAENN SHIP CEILING AND REFITTING CORPORATION and United States of America, Third-Party Defendants.

UNITED STATES of America, Third-Party Plaintiff and Third-Party Defendant

v.

Paul J. CAREY and R. F. Carey, trading as Chester Stevedoring Company, Third-Party Defendants and Cross-Claimants.

Civ. A. No. 23192.

United States District Court
E. D. Pennsylvania.

March 22, 1961.

Marvin I. Barish, Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff Luth.

Harrison G. Kildare, Rawle & Henderson, Philadelphia, Pa., for defendant Clifton Steamship Corp.

Joseph R. Thompson, Philadelphia, Pa., for third-party defendant Haenn Ship Ceiling & R. Corp.

Walter E. Alessandroni, U. S. Atty., James J. Phelan, Asst. U. S. Atty., Philadelphia, Pa., William E. Gwatkin, III, Dept. of Justice, Admiralty & Shipping Section, Washington, D. C., for third-party defendant United States.

Joseph P. Green, Krusen, Evans & Shaw, Philadelphia, Pa., for third-party defendant Chester Stevedoring Co.

EGAN, District Judge.

This longshoreman's action for recovery of damages for personal injuries sustained aboard the defendant's vessel was filed in August 1957 with a demand for jury trial. In March 1958, the defendant, as third-party plaintiff, joined Haenn Ship Ceiling and Refitting Corporation (Haenn), the plaintiff's employer, as a third-party defendant for indemnity. No timely demand for jury trial was made by the third-party plaintiff or the third-party defendant. Subsequently the defendant, as third-party plaintiff, joined the United States as a third-party defendant in a suit over for indemnity; the United States in turn joined the Chester Stevedoring Company (Chester) for indemnity, and Chester cross-claimed against Haenn for indemnity.

The third-party plaintiff has now moved under Fed.R.Civ.P. 39(b), 28 U.S.C., for a jury trial of the action against Haenn.[1] There is no objection to this motion by any of the parties except the plaintiff, who contends that jury trial in the third-party action has long since been waived by the third-party plaintiff and by third-party defendant Haenn, Fed.R.Civ.P. 38(b) and (d), and that there is insufficient justification for the exercise of the Court's discretion under Rule 39(b). We feel that plaintiff has no standing to object to the granting of a jury trial in the third-party action and we do not reach the merits of plaintiff's argument.

Although the third-party plaintiff's claim to recovery against the third-party defendant rests on different grounds than those on which the plaintiff's claim is based, much of the evidence bearing on the plaintiff's claim would also be relevant in the third-party action. Therefore we feel it would best serve the interests of justice, convenience and economy to have the original action and the third-party action against Haenn tried to the same jury.[2] The principal

---

1. The third-party plaintiff originally made an oral motion in chambers for a jury trial as against Haenn and the United States. Since the action against the United States may not be tried by a jury, 46 U.S.C.A. § 742, the third-party plaintiff's written motion is for a jury trial as against Haenn only.

2. It is very likely that the actions involving the United States may be rendered moot by the outcome of the original action and the third-party action against Haenn. If not, they may be tried by the judge presiding at the jury trial.

action will be tried first and depending upon the verdict of the jury, the third-party action of Clifton Steamship Corporation v. Haenn Ship Ceiling and Refitting Corporation will then be tried next to the same jury. If the third-party defendants, both Haenn and the Government, wish to interrogate witnesses and participate in the trial of the principal case, it will be necessary for them to meet the requirements of M. V. M., Inc. v. St. Paul Fire & Marine Ins. Co., D.C. S.D.N.Y.1957, 20 F.R.D. 296.

 Since there can be no trial by jury in an action such as this against the United States, the trial judge will proceed against the United States with the record as then made up, augmented by such additional testimony as may be necessary, proper and relevant in the third-party action of Clifton Steamship Corporation v. United States of America and make appropriate findings of fact and conclusions of law, with a discussion of the reasons therefor. Depending on the outcome of that action, and if judgment is entered against the United States, the court will take up its claim over against Chester, which has been designated as a third-party action in the pleadings although it's actually a fourth-party action. The latter action will be tried to a judge without a jury because by that time the facts should be crystal clear and the law will have been pretty well explored; the same treatment will then be given to the cross-claim of Chester Stevedoring Company v. Haenn Ship Ceiling and Refitting Corporation and that action will be tried to a judge without a jury should it become necessary to try it.

This pattern of trial shall be pursued by the undersigned if he is the trial judge. It is not intended to be binding on the other judges of this court who may decide to follow a different pattern if the case is assigned to them.

Accordingly, Clifton's motion for a jury trial of its action over against Haenn will be granted and this court,

sua sponte, will grant a severance of the Clifton action against the United States from the action against Haenn Ship Ceiling and Refitting Corporation so that the latter may be tried to a jury and the former tried to a judge without a jury.

It is so ordered.