Michael CAPUTO, Plaintiff-Appellee,

v.

U. S. LINES COMPANY, Defendant, and Third-Party Plaintiff-Appellant,

and

IMPARATO STEVEDORING CORPORATION, Third-Party Defendant-Appellee.

No. 153, Docket 27663.

United States Court of Appeals Second Circuit.

Argued Dec. 3, 1962.

Decided Jan. 2, 1963.

**414**

Kirlin, Campbell & Keating, New York City, for defendant-appellant, Joseph M. Cunningham, Vernon S. Jones and Henry J. O'Brien, New York City, of counsel.

Monica & Feury, New York City, for third-party defendant-appellee, Joseph P. Feury and Thomas H. Healey, New York City, of counsel.

Jacob D. Fuchsberg, New York City, for plaintiff-appellee.

Martin N. Leaf, New York City, for Caputo.

Before SWAN and FRIENDLY, Circuit Judges, and DIMOCK, District Judge.

DIMOCK, District Judge.

This is an appeal by defendant and third-party plaintiff, United States Lines Company, hereinafter the shipowner, from a judgment which awarded $70,-000 to plaintiff upon the verdict of the jury and which dismissed its third-party complaint against third-party defendant, Imparato Stevedoring Corporation, hereinafter stevedore.

The action is one brought by a longshoreman to recover for personal injuries sustained when his foot broke through a thin panel of a packing case while he was taking part in the unloading of a cargo of wooden cases and open crates from the SS American Ranger. Defendant was the owner and operator of that vessel. Third-party defendant was the stevedore contractor which was unloading the vessel pursuant to a contract with the United States of America. The shipowner filed a third-party complaint claiming indemnity from the stevedore.

The action by the longshoreman against the shipowner was tried to a jury. The third-party action was tried to the trial court alone. The trials were simultaneous except that the court, over objection by the shipowner, took additional expert testimony after the trial before the jury.

■ The principal point raised by the appeal is the shipowner's contention that the issue of the shipowner's right to indemnity was concluded in the shipowner's favor by the verdict of the jury and that the trial court therefore erred in dismissing the shipowner's third-party complaint.

The court made formal findings to the effect that the longshoreman was caused to fall when his foot broke through a thin veneer case which contained a board which was apparently sound but was in fact latently defective and that the sole cause of the longshoreman's accident was the latent defect.

It is the shipowner's contention that the issue of the existence of a latent defect was not submitted to the jury and that the jury's verdict for the plaintiff was based solely upon the longshoreman's claim that the cargo was improperly stowed in that no dunnage was used.

The point is crucial. The testimony was that the allegedly dangerous condition of the stowage was obvious and that the stevedore nevertheless went ahead with the work. This would constitute a breach of the stevedore's warranty to the shipowner of safe performance of the work and render the stevedore liable for indemnity. De Gioia v. United States Lines Company, 2 Cir., 304 F.2d 421. On the other hand, if the accident was caused by a latent defect in the packaging of the cargo, there would have been no breach of the stevedore's warranty and no obligation to indemnify the shipowner. Ignatyuk v. Tramp Chartering Corp., 2 Cir., 250 F.2d 198.

The longshoreman's counsel in his opening made no claim of a latent defect in the packaging of the cargo. He said that the longshoremen found the cargo in a topsy-turvy condition without any dunnage to brace the cargo or to supply a walk-way. He added, "We don't say that it was proper or improper to package this merchandise in these kinds of crates. We have no concern. As far as we are concerned, they could put it in cardboards, but we do say if this kind of merchandise is being shipped, then a certain kind of dunnage should also be provided."

Counsel for the shipowner in his opening said, "Well, if there was no dunnage in this cargo it was improperly stowed. Let's stop all the questions about that."

The longshoreman plaintiff testified that the cargo was unstable and that the wobbling of a packing case caused him to step on a panel of veneer which otherwise would not have been used as a place to stand on and that the panel gave way and caused his injury. There was no testimony that the insubstantial character of the veneer was not apparent. Indeed, one of the witnesses who was working with the longshoreman said that he thought plaintiff did not see the thin veneer or forgot about it.

The shipowner introduced evidence that the cargo was properly secured by dunnage.

The court charged that the plaintiff claimed:

"that he did not have a safe place to work, that through the failure of the shipowner to properly stow the cargo and to furnish dunnage, a case on which he was standing tilted, causing him to lose his balance and put his foot through the thin veneer-like plywood covering on the case on which he was standing; that he twisted and fell using the case he was using as support, and sustained injury."

And the court added immediately:

"The defendant denies there was lack of dunnage, and denies that the accident occurred under the circumstances the plaintiff claims. If you find that the accident did not occur in the manner claimed by the plaintiff, your verdict should be for the defendant."

The court's description of plaintiff's claim in its charge limited the claim to the failure to stow the cargo properly and to furnish dunnage. There was no reference in the description of plaintiff's claim to any defect in the packing case on which the plaintiff was standing nor was there reference to any such defect in any other part of the charge.

The verdict of the jury, though general, could have been based only upon the theory of improper stowage of the cargo.

The court, however, over objection of the shipowner, took additional expert testimony in opposition to the shipowner's claim for indemnity and made the finding above referred to that the sole cause of the accident was the latent defect in the packing case that plaintiff broke through.

■ There is thus squarely raised the question of law whether, when the principal claim is tried to a jury and the third-party plaintiff's claim for indemnity is tried to the court, the court is bound by the verdict of the jury. There can be but one answer to this question. One of the purposes of Rule 14(a) of the Federal Rules of Civil Procedure which allows the bringing in of a third-party defendant is to make the evidence adduced by the plaintiff against the defendant available as a basis for the claim of the third-party plaintiff against the third-party defendant. Inconsistent determinations based upon the same evidence at the same trial are logically impossible. The court must follow the verdict of the jury. Knell v. Feltman, 85 U.S.App.D.C 22, 174 F.2d 662, 665; Drago v. A/S Inger, 2 Cir., 305 F.2d 139, 141.

If a special verdict under Rule 49(a) F.R.Civ.P. had been rendered in this case, the question of inconsistency between the verdict of the jury and the judgment of the court on the third-party claim could have been solved by inspection. Here the question is a little more difficult because of the necessity of examining the record in order to determine what issues were concluded by the general verdict of the jury. See Washington Gaslight Co. v. Dist. of Columbia, 161 U. S. 316, 329, 16 S.Ct. 564, 40 L.Ed. 712. The fact that in the court's charge it stated that the plaintiff's claim was that, through the failure of the shipowner properly to stow the cargo and furnish dunnage, the packing case on which he was standing tilted and that, if the jury found that the accident did not occur in the manner claimed by the plaintiff, the jury's verdict should be for the defendant leaves no room for doubt as to the basis of the jury's finding of liability.

That basis was the failure of the shipowner properly to stow the cargo and furnish dunnage. The court's finding that the accident was due to a latent defect in a packing case must be disregarded and the judgment, so far as based thereon, cannot stand.

Though defendant shipowner has appealed from the entire judgment, no serious attack has been made on the verdict of the jury in favor of plaintiff longshoreman in the sum of $70,000 and, to that extent, the judgment must stand.

■ Plaintiff-appellee raises a question with respect to interest upon the judgment. It appears that, on November 6, 1961, upon the rendition of the verdict of the jury for $70,000 but before the determination by the court of the third-party claim, a clerk's form of judgment for the sum of $70,000 in favor of plaintiff and against defendant shipowner was entered.

On March 20, 1962, however, a final order and judgment was entered vacating as premature the judgment earlier entered upon the verdict and adjudging that plaintiff recover from defendant shipowner the sum of $70,000 and costs and that the third-party complaint be dismissed with costs to be taxed. Plaintiff argues that we should direct that his judgment for $70,000 should bear interest from November 6, 1961, the date of the entry of the original judgment on the verdict.

On its face, the judgment of March 20, 1962 would bear interest only from its date so what plaintiff asks is that it be modified to provide that it should bear interest from November 6, 1961. Passing the question whether plaintiff who has not appealed from the judgment of March 20, 1962 is entitled to have it modified, plaintiff's position is without merit. The judgment of November 6, 1961 was prematurely entered in the light of Rule 54(b) F.R.Civ.P., which provides: "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court

may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." There was no such direction and determination in this case. There is thus no reason why this court should award interest from November 6, 1961 as though the judgment of March 20, 1962 had been entered as of the date of the premature judgment.

The judgment is reversed insofar as it provides that the third-party complaint be dismissed with costs to be taxed and the case is remanded to the District Court with directions that that Court determine the damages of defendant and third-party plaintiff including its reasonable attorneys' fees incurred in defending against plaintiff's claim and that that Court further modify the judgment so as to provide that third-party plaintiff recover the amount so determined from third-party defendant. The judgment is otherwise affirmed.