374

Johnnie BANKS

v.

HANOVER STEAMSHIP CORPORA-
TION, Defendant and Third-
Party Plaintiff,

v.

RAMSAY, SCARLETT & CO., Inc., Third-
Party Defendant.

Alexander J. KORZUN

v.

N. Y. STOOMV. MAATS NEDERLAND,
Defendant and Third-Party Plaintiff,

v.

JARKA CORPORATION OF BALTI-
MORE, Third-Party Defendant.

Oscar H. SEBREE, James Wallace and
William Walker

v.

GRACE LINES, INC., Defendant and
Third-Party Plaintiff,

v.

The COTTMAN COMPANY, Third-Party
Defendant.

Civ. Nos. 17652, 16800, 17474.

United States District Court
D. Maryland.

Dec. 8, 1967.

No. 17652

Fred Ginsberg and Eugene V. Chircus, Baltimore, Md., for plaintiff.

Richard R. Jackson, Jr., and Ober, Williams & Grimes, Baltimore, Md., for defendant and third-party plaintiff.

Eugene A. Edgett, Jr., and A. Douglas Owens, Baltimore, Md., for third-party defendant.

No. 16800

Bernard J. Sevel and Sevel & Goldstein, Baltimore, Md., for plaintiff.

Southgate L. Morison, Baltimore, Md., for defendant and third-party plaintiff.

Eugene A. Edgett, Jr., Baltimore, Md., for third-party defendant.

No. 17474

Bernard J. Sevel and Sevel & Goldstein, Baltimore, Md., for plaintiffs.

Southgate L. Morison, Baltimore, Md., for defendant and third-party plaintiff.

Joseph H. Young, Baltimore, Md., for third-party defendant.

Before THOMSEN, Chief Judge, and NORTHROP, District Judge.

PER CURIAM:

In each of these cases a longshoreman has brought an action against a shipowner for negligence and unseaworthiness, the shipowner has filed a third-party complaint for indemnity against the stevedoring company, employer of the plaintiff, and the third-party defendant seeks a jury trial of some or all of the issues, whereas the plaintiff and the defendant-third-party plaintiff (hereinafter referred to as "defendant") want the issues tried by a judge without a jury.

A number of general principles apply to all such cases.

Before July 1, 1966, the effective date of the amendments to the Federal Rules of Civil Procedure designed to unify the civil and admiralty procedures, longshoremen injured aboard a vessel in navigable waters could elect to proceed either (a) in admiralty against the vessel (in rem) or against her owner or operator (in personam), or (b) by an ordinary civil action against the owner or operator in an appropriate non-maritime court. 28 U.S.C. § 1333(1). The same choice was offered to one bringing suit on a maritime contract. If such a civil action was brought in a federal court by reason of diversity of citizenship, it carried the right to trial by jury. All such suits falling within the admiralty and maritime jurisdiction of the United States, whether brought in a federal court in admiralty or on the law side or in a state court, were—and all such suits still are—subject to the principles of the national maritime law.

Rule 9(h), F.R.Civ.P., effective July 1, 1966, provides:

"9(h) Admiralty and Maritime Claims. A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rule 14(c), 26(a), 38(e), 73(h), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims. If the claim is cognizable only in admiralty it is an admiralty or maritime claim for those purposes whether so identified or not. The amendment of a pleading to add or withdraw an identifying statement is governed by the principles of Rule 15."

An allegation that the claim is within the admiralty and maritime *jurisdiction* does not *automatically* make it an admiralty and maritime *claim*, within the meaning of Rule 9(h), if the claim is also within the jurisdiction of

the district court on some other ground. A statement identifying the pleading as an admiralty and maritime *claim* is necessary.[1]

 Other Rules applicable to these cases and referred to in the discussion below include: Rule 14, Third-Party Practice, as amended in 1966;[2]

1. The Advisory Committee note to Rule 9, as amended, states in part:

"It is no part of the purpose of unification to inject a right to jury trial into those admiralty cases in which that right is not provided by statute. * * *

" * * * In large numbers of cases the relief sought in admiralty is simple money damages, indistinguishable from the remedy afforded by the common law. This is true, for example, in the case of the longshoreman's action for personal injuries stated above. After unification has abolished the distinction between civil actions and suits in admiralty, the complaint in such an action would be almost completely ambiguous as to the pleader's intentions regarding the procedure invoked. The allegation of diversity of citizenship might be regarded as a clue indicating an intention to proceed as at present under the saving-to-suitors clause; but this, too, would be ambiguous if there were also reference to the admiralty jurisdiction, and the pleader ought not be required to forgo mention of all available jurisdictional grounds.

" * * * the Advisory Committee concluded that the preferable solution is to allow the pleader who now has power to determine procedural consequences by filing a suit in admiralty to exercise that power under unification, for the limited instances in which procedural differences will remain, by a simple statement in his pleading to the effect that the claim is an admiralty or maritime claim.

"The choice made by the pleader in identifying or in failing to identify his claim as an admiralty or maritime claim is not an irrevocable election. The rule provides that the amendment of a pleading to add or withdraw an identifying statement is subject to the principles of Rule 15."

Form 2, accompanying the Federal Rules of Civil Procedure, as amended in 1966, makes clear the distinction between the admiralty and maritime *jurisdiction* and admiralty and maritime *claims*. Paragraph (d) of Form 2 reads:

(d) Jurisdiction founded on the admiralty or maritime character of the claim.

"This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears. [If the pleader wishes to invoke the distinctively maritime procedures referred to in Rule 9(h), add the following or its substantial equivalent: This is an admiralty or maritime claim within the meaning of Rule 9(h).]"

2. Rule 14, Third-Party Practice, as amended in 1966:

"(a) *When Defendant May Bring in Third Party.* At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. * * * The person served with the summons and third-party complaint, hereinafter called the third-party defendant, shall make his defenses to the third-party plaintiff's claim as provided in Rule 12 * * * The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim. * * * Any party may move to strike the third-party claim, or for its severance or separate trial. * * *"

"(c) *Admiralty and Maritime Claims.* When a plaintiff asserts an admiralty or maritime claim within the meaning of Rule 9(h), the defendant or claimant, as a third-party plaintiff, may bring in a third-party defendant who may be wholly or partly liable, either to the plaintiff or to the third-party plaintiff, by way of remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences. In such a case the third-party plaintiff may also demand judgment against the third-party defendant in favor of the plaintiff, in which event the third-party defendant shall make his defenses to the claim of the plaintiff as well as to that of the third-party plaintiff in the manner provided in Rule 12 and the action shall proceed as if the plaintiff had commenced it against the third-party defendant as well as the third-party plaintiff."

When impleading a party pursuant to Rule 14, a defendant need not allege any jurisdictional basis. This is clear from the Rule itself, as well as from the accompanying Form 22. The theory is that when the original complaint or cause of

Rule 15, Amended and Supplemental Pleadings;[3] Rule 38, Jury Trial of Right, as amended in 1966;[4] Rule 39, Trial by Jury or by the Court.[5]

In deciding the questions raised by the motions in these three cases, the guiding principle should be to promote the efficient administration of justice without curtailing the substantive rights of the parties.

█ Whether the trial of the issues raised by the complaint and answer is held at the same time as the trial of the issues raised by the third-party com-

action is properly before the court, the third-party complaint is ancillary to the main suit and does not require an independent basis for jurisdiction.

Rule 14(c) is not applicable in any of the three cases discussed herein, because in none of them did the defendant seek to bring in the third-party defendant on the ground that the third-party defendant was liable to the plaintiff on account of the occurrence. See Advisory Committee Note to Rule 14, as amended in 1966.

3. Rule 15, Amended and Supplemental Pleadings:

*"(a) Amendments.* A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. * * *"

4. Rule 38, Jury Trial of Right, as amended in 1966, adding (e):

*"(a) Right Preserved.* The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.

*"(b) Demand.* Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.

*"(c) Same: Specification of Issues.* In his demand a party may specify the issues which he wishes so tried; otherwise he shall be deemed to have demanded trial by jury for all the issues so triable. If he has demanded trial by jury for only some of the issues, any other party within 10 days after serice of the demand or such lesser time as the court may order, may serve a demand for trial by jury of any other or all of the issues of fact in the action.

*"(d) Waiver.* The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.

*"(e) Admiralty and Maritime Claims.* These rules shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h)."

5. Rule 39, Trial by Jury or by the Court:

*"(a) By Jury.* When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States.

*"(b) By the Court.* Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

*"(c) Advisory Jury and Trial by Consent.* In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury or, except in actions against the United States when a statute of the United States provides for trial without a jury, the court, with the consent of both parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right."

plaint, or before the trial of those issues, in either event the third-party defendant will be bound by the findings on the issues raised by the complaint and answer. Caputo v. U. S. Lines, 311 F.2d 413 (2 Cir., 1963).[6] This is particularly important in longshoreman v. ship v. stevedore cases, in view of such decisions as Weyerhaeuser S. S. Co. v. Nacirema Operating Co., 355 U.S. 563, 78 S.Ct. 438, 2 L.Ed.2d 491 (1958), Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956), and Calmar S. S. Corp. v. Nacirema, 266 F.2d 79 (4 Cir., 1959).

## A.
### Banks v. Hanover Steamship Co. v. Ramsay, Scarlett & Co.— Civil No. 17652

This is a civil action in which plaintiff demanded a jury trial; defendant filed a third-party complaint under Rule 14 but did not demand a jury trial of the issues raised therein; third-party defendant answered the third-party complaint, without demanding a jury trial of any issues, but third-party defendant has now moved for leave to file a demand for a jury trial of the issues raised by the third-party complaint, claiming inadvertence.

■ Third-party defendant in this case is not entitled to a jury trial as a matter of right, because he did not make a timely demand. See Rule 38(b) and (d), note 4 above, and McAndrews v. United States Lines Co., 167 F.Supp. 41 (S.D.N.Y., 1958), which quoted with approval from note 2 to Moore's Federal Practice, 2d ed., vol. 5, ¶ 38.45, p. 344:

"* * * Thus assume that A sues X; X answers and also files a third-party complaint against Y. If A makes a timely general demand the demand embraces all the issues between A and X, and X may rely thereon and need not make a demand for those issues. It is rather strained, however, to say that A's general demand embraces the third-party issues between X and Y, with which A is not concerned. * * *"

■ Although in this case the issues raised by the third-party complaint and the answer thereto are not the same as the issues raised by the original complaint and defendant's answer thereto, they are intertwined. The efficient administration of justice requires that all the issues be tried at the same time. If all the testimony from each witness is taken in the presence of the jury, the jury would hear some testimony not relevant and material to the issues raised by the complaint and answer; but it would be inconvenient if not practically impossible to separate the questions and answers and the portions thereof which bear on one or the other set of issues or on both.

Applying the general principles stated above, the Court concludes that in this case it should exercise its discretion under Rule 39 to require that the issues raised by the third-party complaint and the answer thereto be tried by the same jury which tries the issues raised by the original complaint and answer, pursuant to third-party defendant's motion under Rule 39(b), or by that jury as an advisory jury under Rule 39(c). See note 5, above. The choice between those alternatives should be made at a subsequent pretrial conference or at the trial, as the parties may request and the interests of a fair and efficient administration of justice may require.

6. In *Caputo*, the Second Circuit said: "One of the purposes of Rule 14(a) of the Federal Rules of Civil Procedure which allows the bringing in of a third-party defendant is to make the evidence adduced by the plaintiff against the defendant available as a basis for the claim of the third-party plaintiff against the third-party defendant. Inconsistent determinations based upon the same evidence at the same trial are logically impossible. The court must follow the verdict of the jury." 311 F.2d at 416.

## B.
## Korzun v. N. Y. Stoomv. Maats
## Nederland v. Jarka Corp.—
## Civil No. 16800

This civil action was filed before July 1, 1966. Plaintiff longshoreman could have filed a suit in admiralty against defendant vessel owner, but elected to bring a civil action, claiming diversity jurisdiction. Neither plaintiff nor defendant demanded a jury trial. Defendant filed a third-party complaint for indemnity against the stevedoring company, plaintiff's employer. That company, as third-party defendant, filed with its answer to the third-party complaint a demand for jury trial "on all issues herein". Plaintiff has not asserted any claim against third-party defendant,[7] and third-party defendant has not filed an answer to the complaint or asserted any defenses to plaintiff's claim.

At the pretrial conference third-party defendant took the position that the only real issue in the case is whether the vessel was rendered unseaworthy because of certain equipment, admittedly furnished by third-party defendant, which plaintiff alleges to have been inadequate or unsafe; that if the issue of such unseaworthiness is decided by the judge in favor of plaintiff against defendant, that decision will be conclusive of the issue in the third-party claim [see Caputo v. U. S. Lines Co., 311 F.2d 413, 414–415 (2 Cir., 1963)], there will be little or nothing left for the jury to decide, and defendant will surely prevail in its third-party claim. Therefore, if third-party defendant's demand for jury trial is to be of any real value to it, the issue whether the vessel was rendered unseaworthy by reason of such equipment must be submitted to a jury. This reasoning appears to be supported by the facts.

In a further effort to avoid a jury trial on the issues raised by the original complaint and answer, plaintiff seeks leave under Rule 15 to amend its complaint to strike the paragraph alleging diversity jurisdiction and to add a statement pursuant to Rule 9(h), identifying the claim as an admiralty and maritime claim. Rule 15 permits the requested amendment at this time "only by leave of court or by written consent of the adverse party", but "leave shall be freely given when justice so requires". See note 3, above. The proposed amendment is opposed both by defendant and by third-party defendant.

■ A request to amend a complaint by adding such an identifying statement is subject to the provisons of Rules 15, 38 and 39, see notes 3, 4 and 5, above. The Court's discretion under Rule 15 should be governed by the principles stated in Rules 38 and 39 and the cases applying those principles. See discussion and cases cited in 5 Moore's Federal Practice, 2d ed., ¶ 39.09, and the supplement thereto. See particularly General Tire & Rubber Co. v. Watkins, 331 F.2d 192 (4 Cir., 1964); Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, 339 F.2d 673 (3 Cir., 1964); McAndrews v. United States Lines Co., 167 F.Supp. 41 (S.D.N.Y., 1958); Brandt v. Olson, 190 F.Supp. 683 (W.D.Iowa, 1961); Luth v. Clifton Steamship Corp., 27 F.R.D. 507 (E.D.Pa., 1961). See also, in a different context, Washington County Insurance Co. v. Wilkinson, 19 F.R.D. 177, 178–179 (D.Md., 1956); Segal v. American Casualty Co. of Reading, Pa., 250 F.Supp. 936, 939 (D.Md., 1966).

■ The Court concludes that leave to file the proposed amendment should not be granted, because its only purpose is to deprive the third-party defendant of the jury trial which third-party defendant has demanded.[8]

---

7. No doubt because it would be barred by the Longshoremen's and Harbor Workers' Compensation Act.

8. If the suit had originally been filed on the admiralty side of this Court before July 1, 1966, or if the complaint had

The question remains whether third-party defendant's demand for jury trial "of all issues herein", filed with its answer to the third-party complaint, includes the issues raised by the original complaint and answer, as well as the issues raised by the third-party complaint and the answer thereto, in view of the fact that third-party defendant did not file an answer to the original complaint, as it might have done. The passage from Moore, quoted in Section A of this opinion, dealing with the *Banks* case, is not conclusive of the question now under consideration, because in this *(Korzun)* case the third-party defendant is more intimately concerned with the issues between plaintiff and defendant than is usual. The conclusions reached on those issues will in this *(Korzun)* case, for all practical purposes, control the decision of the question whether third-party defendant must indemnify defendant, as well as the amount for which it may be held liable.

Applying the general principles set out above, the Court concludes that third-party defendant's failure to answer the plaintiff's complaint and the ambiguity of its demand for a jury trial requires a ruling that third-party defendant is not entitled as a matter of right under Rule 38 to a jury trial of the issues raised by the original complaint and answer. But under the circumstances of this case, particularly (1) the practical identity of the issues, referred to above, and (2) the fact that plaintiff did not bring his suit in admiralty, as he might have done, this Court concludes that it should exercise its discretion under Rule 39(b), see note 5, above, to grant third-party defendant's oral motion to require that all issues—those raised by the complaint and answer as well as those raised by the third-party complaint and the answer thereto—be tried together before a jury.

## C.
### Sebree et al. v. Grace Lines, Inc.
### v. Cottman Company—Civil
### No. 17474

After July 1, 1966, three plaintiff longshoremen filed this action against the owner and operator of the vessel upon which they were injured. Paragraph 2 of the complaint alleges diversity of citizenship and the requisite amount. Paragraph 11 alleges that the complaint is "within the Admiralty and Maritime jurisdiction of the court".

Defendant answered the complaint and filed a third-party complaint against Cottman, the stevedoring company, alleging that the "injuries of the plaintiffs were due to the failure of the Cottman Company to perform its work in a careful and workmanlike manner as it was obligated to do". Third-party defendant answered the third-party complaint and requested a jury trial as to all the issues raised by the third-party complaint.

Third-party plaintiff now moves to have this request for a jury trial stricken. At the pretrial conference plaintiffs asked leave to amend their complaint by deleting from paragraph 2 the allegation of diversity, and adding in paragraph 11 words to the effect "as contemplated under Rule 9(h)". If the amendment is allowed, defendant argues that under Rule 15(c) the complaint would sound solely in admiralty and date back to the time of filing of the original complaint, rendering improper third-party defendant's request for a jury trial.[9]

been filed after July 1, 1966, and had been identified by plaintiff as an admiralty and maritime claim in accordance with the provisions of Rule 9(h), it would have been subject to admiralty principles and procedures, and all issues, including those raised by an impleader under old Admiralty Rule 56 before July 1, 1966, or

thereafter by a third-party complaint under Civil Rule 14, would ordinarily be heard and decided by a judge. See note 9, below.

9. In Jones v. H/F Elmskipafelag Islands v. Cargo Handlers, Inc., Civil No. 18433 in this Court, filed in June 1967, plain-

Unlike the third-party defendant in the *Korzun* case, discussed in Section B, above, the third-party defendant in this case agrees that the trial of the issues between plaintiff and defendant may proceed without a jury; but third-party defendant maintains that since the complaint based jurisdiction on diversity of citizenship and there was no identification of the case as an admiralty and maritime claim, as required by Rule 9(h), third-party defendant cannot be deprived—without its consent—of the jury trial which it demanded under Rule 39(b) and (c); i. e., a jury trial of the issues raised by the third-party complaint and the answer thereto.

■ All parties agree that it was the intention of the plaintiffs here to bring an admiralty and maritime claim, but it is clear from the general principles stated above, that the claim was not properly identified as an admiralty and maritime claim under Rule 9(h). Consequently, third-party defendant cannot be deprived—without its consent—of the jury trial which it demanded.

■ Plaintiffs' request for leave to amend and the motion to strike the third-party defendant's demand for jury trial will be denied. Where a complaint is not clearly identified as an admiralty claim, as provided in Rule 9(h), and some other ground is pleaded which would bring the case within the jurisdiction of a district court, a timely request by a defendant or a third-party defendant for a jury trial must be honored.

■ As in the *Banks* case, discussed in Section A, above, the issues raised by the third-party complaint and the answer thereto are not the same as the issues raised by the complaint and defendant's answer. They are, however, intertwined. The Court concludes that the third-party defendant is entitled to require that the issues raised by the third-party complaint and the answer thereto be tried by a jury. On its own initiative, under 39(c), the Court directs that the same jury serve as an advisory jury with respect to the issues raised by the complaint and answer.

Appropriate orders will be entered in each case.

We are authorized to say that all of the Judges of this Court agree with the principles stated in this opinion.

---

tiff properly identified its complaint as an admiralty and maritime claim under Rule 9(h). Defendant filed a third-party complaint against the stevedoring company under Rule 14, instead of filing a separate civil action against that company, as it might have done. Third-party defendant sought a jury trial of the issues raised by the third-party complaint and the answer thereto, but this Court held that under the circumstances the entire case remained subject to the traditional admiralty procedures, and denied the demand for a jury trial of any issues. We adhere to that view.