**Natividad L. SANCHEZ, Plaintiff,**

v.

**LOYD W. RICHARDSON CONSTRUCTION CORPORATION, Defendant and Third-Party Plaintiff,**

v.

**S. S. PERRY, Third-Party Defendant and Fourth-Party Plaintiff, and The United States of America, Third-Party Defendant and Fourth-Party Plaintiff,**

v.

**HUMANE COYOTE GETTER, INC., Fourth-Party Defendant, Brazoria County, Texas, Fourth-Party Defendant, and FREEPORT SULPHUR COMPANY, Third-Party Defendant.**

**Civ. A. No. 70–C–110.**

United States District Court, S. D. Texas, Corpus Christi Division.

May 22, 1972.

Carl C. Chase, Corpus Christi, Tex., for Natividad L. Sanchez.

R. W. Woolsey, Corpus Christi, Tex., for Loyd W. Richardson Construction Corp.

Ben A. Donnell, Corpus Christi, Tex., for S. S. Perry.

B. Stephen Rice, Asst. U. S. Atty., Houston, Tex., for the United States.

David L. Smith, Corpus Christi, Tex., for Humane Coyote Getter, Inc.

R. L. McElya, Asst. Criminal Dist. Atty., Angleton, Tex., for Brazoria County, Texas.

Dudley B. Foy, Jr., Corpus Christi, Tex., for Freeport Sulphur Co.

ORDER

OWEN D. COX, District Judge.

This action, designated "In Admiralty Under Rule 9(h)," was originally commenced by Natividad L. Sanchez against his employer, Loyd Richardson Construction Corporation for personal injuries which occurred incident to his employment aboard the Dredge "Tiger."

Defendant filed a third-party complaint against Perry and the United States of America; and the United

States of America, in turn, filed a complaint, in compliance with Rule 14(c), against fourth-party Defendant Humane Coyote Getter, Incorporated. This last Defendant answered and made a demand for a jury trial. Subsequently, Perry also filed a fourth-party suit against Humane Coyote Getter, Incorporated. It had allegedly manufactured the device which caused injury to the Plaintiff.

The rules of civil procedure do not create "a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h)." Rule 38(e), F.R.Civ.P. Consequently, when a third-party defendant "who may be wholly or partly liable" is brought into an admiralty Rule 9(h) case, by virtue of Rule 14(c), F.R.C.P., he is not entitled to a jury trial. There is no reason to say that a fourth-party defendant, as we have here, even though not mentioned in the rule, is not also governed by it. The fourth-party complaint here is based upon "the same transaction, occurrence, or series of transactions or occurrences," Rule 14(c), which led to the first complaint. The facts which established admiralty jurisdiction in the first place, the seaman's injury, are also the basis for the fourth-party action. Humane Coyote Getter, Incorporated, fourth-party Defendant, may be wholly or partly liable to the Plaintiff, and to the United States of America, by way of indemnity should any liability attach to the government. Approaching the matter conversely from McCann v. Falgout Boat Company, 44 F.R.D. 34 (S.D.Tex., 1968), the fourth-party action of the United States of America is properly before the Court in this admiralty matter, and, therefore, the fourth-party Defendant is not entitled to a jury trial. See Banks v. Hanover Steamship Corporation, 43 F.R.D. 374, 380, 381 (D.Maryland, 1967), and Watz v. Zapata Off-Shore Company, 431 F.2d 100 (5 Cir., 1970), with regard to this problem.

It is therefore ordered that the fourth-party Defendant's demand for a jury trial is denied.