**FEDERAL DEPOSIT INSURANCE CORP., as Receiver for the National Bank of Washington, Plaintiff,**

v.

**Conrad CAFRITZ, Peggy Cooper Cafritz, Weil, Gotshal & Manges, Defendants.**

**Civ. A. No. 91–883 (CRR).**

United States District Court, District of Columbia.

Aug. 15, 1991.

See also 762 F.Supp. 1503.

Ellen F. d'Alelio, Kenneth I. Jonson and Filiberto Agusti of Steptoe & Johnson, and R. Kenneth Mundy and Robert W. Mance of Mundy, Holt & Mance, with whom were Ira H. Parker, Keith Ligon, and Jamey Basham of Federal Deposit Ins. Corp., Washington, D.C., for plaintiff.

David R. Kuney and Paul A. Kaplan of David & Hagner, P.C., Washington, D.C., for defendant Conrad Cafritz.

John R. Gerstein and William E. O'Brian, Jr., of Ross, Dixon & Masback, Washington, D.C., for defendant Peggy Cooper Cafritz.

Seth P. Waxman and Lisa D. Burget of Miller, Cassidy, Larroca & Lewin, Washington, D.C., for defendant Weil, Gotshal & Manges.

## ORDER

CHARLES R. RICHEY, District Judge.

Defendant Conrad Cafritz has withdrawn his demand for a jury trial on Counts III and V of the Complaint[1], and joins with Defendant Weil, Gotshal & Manges in expressing a desire for a bench trial on these counts. The FDIC opposes this withdrawal pursuant to Fed.R.Civ.P. 38, and requests that the Court exercise its discretion under Fed.R.Civ.P. 39 in order to reinstate a jury trial on the these counts. Upon consideration of the FDIC's Motion, the Defendants' opposition thereto, the applicable law and the record herein, the Court finds that, given the intertwined factual and legal issues in this case, the interests of justice demand that Counts III and V be tried before a jury.

Although the FDIC makes various arguments in support of its claim for a jury trial[2], the Court believes that, pursuant to Fed.R.Civ.P. 39(b)[3], the interests of justice and efficient judicial administration amply justify ordering a jury trial on Counts III and V. According to the FDIC, a jury trial is the most efficient manner of prosecuting the instant action in light of the fact that a jury will consider Counts I, II and IV.[4] The FDIC believes that the fraudulent conveyance claims are intertwined and that a bifurcated trial would needlessly confuse the jury. *Objection of FDIC to Withdrawal, supra,* at 3–5.

---

1. Counts III and V charge that Mr. Cafritz's transfer of a $1.5 million retainer fee to Weil, Gotshal & Manges was a fraudulent conveyance under federal and state law.

2. None of the FDIC's claims under Fed.R.Civ.P. 38 have merit. As the Defendants correctly point out, the FDIC is too late to move for a jury trial as of right under Fed.R.Civ.P. 38(b). Moreover, the FDIC has no claim to withhold consent to Mr. Cafritz's withdrawal of a jury demand pursuant to Fed.R.Civ.P. 38(d) because the FDIC did not rely on the jury demand made by another party. *See, e.g., Rosen v. Dick,* 639 F.2d 82, 92 (2d Cir.1980).

3. Rule 39(b) provides: "Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made as of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

4. Count I is a breach of contract claim arising from the debt which Mr. Cafritz has incurred with the National Bank of Washington (NBW). Counts II and IV charge that the April 1990 transfer of spousal assets between Mr. and Mrs.

The Defendants vigorously oppose the Rule 39(b) motion. The Defendants contend that the FDIC's initial waiver of its right to a jury trial essentially closes off any recourse to Rule 39(b). *See Defendants' Memorandum In Opposition to FDIC's Motion Under Fed.R.Civ.P. 39(b).* The Defendants also claim that a bifurcated trial would be more efficient due to the complexity of bankruptcy laws and would be more "appropriate" given "the nature of the issues at stake in Counts III and V." *Defendants' Joint Response to Objection of FDIC* at 8.

■ First and foremost, the FDIC's intentional waiver of a jury demand does not forever bar relief from the waiver. Parties may knowingly and intentionally waive the right to trial by jury, and then, in light of changed circumstances, ask the Court to reinstate a jury trial. This is the purpose of Rule 39 [5], which is often employed in cases in which there are multiple parties with conflicting jury demands. *See, e.g., State Mut. Life Assurance Co. of America,* 581 F.2d 1045 (2d Cir.1978). *See generally* 5 J. Moore, *Moore's Federal Practice,* ¶ 39.09, at 39–30 (1991) ("Moore's Federal Practice") (especially note 8 and cases cited therein).[6]

■ As the case of *Tavoulareas v. Piro, supra,* makes clear, this Circuit has not adopted an overly-strict approach to Rule 39(b). Rather than penalizing a party for failure to make a proper jury demand, the Court should consider "all of the factors." *Id.* at 15. Thus, the Court should consider: whether the issues to be tried are jury issues; the effects on scheduling and trial preparedness; whether any party will be prejudiced by granting the FDIC relief from its waiver; and the reasons why the FDIC did not make a proper demand for jury trial. *See generally* 5 *Moore's Federal Practice, supra,* ¶ 39.09, at 39–31.

■ Upon carefully evaluating these factors, the Court has determined that the interests of justice would best be served by having a jury trial on all counts. Although the FDIC's explanation for changing its position does not evoke sympathy [7], the FDIC's assumption that the Defendants would agree whether the case, *in toto,* would be heard by the Court or the jury is an adequate explanation for the reversal of position on the jury trial issue. Moreover, the remaining factors in the Rule 39 equation tip the balance in favor of having the jury decide all issues.

Specifically, a jury trial is appropriate in this case in light of the FDIC's position that the fraudulent conveyance issues are factually and legally intertwined. *Objection of FDIC to Withdrawal, supra,* at 3. By having a jury hear evidence on all counts, the Court avoids any possible confusion between the spousal fraudulent conveyance claims and those pertaining to the Weil, Gotshal retainer fee, while at the same time allowing the jury to determine the interrelationship, if any, among the various transactions. *See State Mut. Life Assurance Co. of America, supra; Banks v. Hanover S.S. Co.,* 43 F.R.D. 374 (D.Md. 1967).

Moreover, contrary to the Defendants' claims, a jury is well-suited to make inferences from the facts as to whether Mr.

Cafritz was a fraudulent conveyance under federal and state law.

5. Defendants' claim that Rule 39 is a panacea only for parties who have failed to request a jury trial by inadvertent action unnecessarily constricts the scope of Rule 39. "Failure" within the meaning of Rule 39 means failure—regardless of the specific reasons therefor. It is for the Court to decide whether the particular circumstances of each case justify relief from the waiver, be it inadvertent or intentional.

6. While the Court in *Tavoulareas v. Piro,* 93 F.R.D. 11, 14, n. 4 (D.D.C.1981), noted that parties who intentionally waive jury rights generally have weaker claims under Rule 39(b) than parties who inadvertently waive jury rights, *Tavoulareas* does not *bar* parties who have intentionally waived rights to jury trial from invoking Rule 39(b) relief.

7. At the outset of this case, the FDIC waived its right to a jury trial. *See* Transcript of April 25, 1991 Hearing, at 12–15. Moreover, the FDIC did not object when the Defendants Peggy Cooper Cafritz and Conrad Cafritz requested a jury trial under the authority of *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). *See* May 24, 1991 Memorandum of Defendants Conrad Cafritz and Peggy Cooper Cafritz in Support of Jury Demand.

Cafritz transferred the $1.5 million retainer fee with the intent to delay, hinder or defraud creditors. The claims in this case are no more complicated, nor more important, than the claims in a criminal conspiracy trial or a money laundering case—cases routinely determined by juries. For the same reason, the Court rejects the Defendants' assertion that they will be prejudiced by having a jury trial "to the extent that a jury of laymen may not fully comprehend some of the technical legal elements of their defenses." *Defendants' Memorandum in Opposition to FDIC's Motion Under Fed.R.Civ.P. 39(b)* at 6.

Finally, the use of a jury *vel non* on Counts III and V does not have significant implications for the Court's docket or for the scheduling of this case. Presenting the evidence to the jury is not likely to take more time than presenting it to the Court. Moreover, the trial is a few months away, and all parties will have sufficient time within which to prepare.

Accordingly, it is, by this Court, this 15th day of August, 1991,

ORDERED that, pursuant to Fed. R.Civ.P. 39(b), the FDIC's request for a jury trial as to Counts III and V shall be, and hereby is, GRANTED.