## Sherry L. MUSICK, Plaintiff,

v.

## Gail NORTON, Secretary, Department of the Interior, Defendant.

### No. CIV.A. 97–0143(DAR).

United States District Court, District of Columbia.

Aug. 20, 2002.

Solaman Geoffrey Lippman, Lippman & Semsker, P.L.L.C., Washington, DC, for Plaintiff.

Sherry L. Musick, Reston, VA, Pro se.

Lisa Sheri Goldfluss, U.S. Attorney's Office, Washington, DC, for Defendant.

## *MEMORANDUM OPINION AND ORDER*

DEBORAH ANN ROBINSON, United States Magistrate Judge.

During a proceeding on May 8, 2001, in open court and on the record before the United States District Judge to whom this action was then assigned, plaintiff waived her right to a jury trial, and consented to the referral of this action to a United States Magistrate Judge. The action was thereafter referred to the undersigned. After extended consideration by the undersigned of a host of pretrial matters which are reflected in the record and need not be reviewed herein, the undersigned, in an Order entered on June 10, 2002, scheduled the bench trial to commence on September 23, 2002.[1] By a motion filed on July 22, 2002, plaintiff asks the court to "reinstate" her request for a jury trial. *See* Plaintiff's Motion to Reinstate Request for Trial by Jury (Docket No. 140). While the right to a jury trial is extensively

---

1. By an Order entered on July 15, 2002 (Docket No. 136), the undersigned denied plaintiff's motion to continue the trial to a date after January 1, 2003.

discussed, the basis of plaintiff's request to "reinstate" the jury demand she waived in open court is confined to a single sentence:

> After a lengthy delay because of the Plaintiff's disability, and the studied judgment of Plaintiff's new counsel, the Plaintiff has decided that her case would be better tried to a jury.

Plaintiff's Motion to Reinstate Request for Trial by Jury at 6.[2]

Defendant opposes plaintiff's motion principally on the ground that plaintiff has failed either to demonstrate any "changed circumstances," or to identify "the reasons behind the request for the change" in accordance with the decision of this court on which plaintiff relies. Defendant's Opposition to Plaintiff's Motion to Reinstate Request for Trial Jury ("Defendant's Opposition") (Docket No. 141) (quoting *Federal Deposit Insurance Corporation v. Cafritz*, 770 F.Supp. 28, 30 (D.D.C.1991)). Defendant asserts that she refrained from filing a motion for summary judgment "in reliance on plaintiff's waiver of a jury trial[.]" Defendant's Opposition at 3; *see id.* at 6.[3] Defendant further asserts that decisions regarding the recent conduct of discovery were predicated, in large measure, upon plaintiff's waiver of her jury demand. *Id.* at 6. Defendant submits that the granting of plaintiff's motion "would inflict significant and irremediable prejudice upon defendant at this point in the pretrial proceedings." *Id.* at 4.

Plaintiff, in her reply, suggests that *Cafritz* does not impose the requirement that a party who seeks to reinstate a jury demand demonstrate "changed circumstances." Plaintiff's Reply to [Defendant's] Opposition to Plaintiff's Motion to Reinstate Request for Trial by Jury ("Plaintiff's Reply") (Docket No. 143) at 2. Additionally, with no citation of authority, plaintiff suggests that "[i]t is crystal clear that there is absolutely no requirement for a party to identify why she seeks to reinstate her jury demand." *Id.* at 2–3.

## DISCUSSION

Both parties rely on Rule 39(b) of the Federal Rules of Civil Procedure and this court's decision in *Federal Deposit Insurance Corp. v. Cafritz*. However, neither Rule 39(b) nor *Cafritz* expressly addresses the precise issue presented here: whether a plaintiff who demanded a jury trial in accordance with Rule 38 of the Federal Rules of Civil Procedure and thereafter waived it can later "reinstate" the demand or "withdraw" the waiver,[4] and if so, upon what showing.

The introductory clause of Rule 39(b) of the Federal Rules of Civil Procedure provides that "*[i]ssues not demanded for trial by jury* as provided in Rule 38 shall be tried by the court[.]" (emphasis supplied). As plaintiff initially demanded a jury in accordance with Rule 38, the first clause of Rule 39(b) is therefore inapplicable. The subordinate clause, which permits the court, "in its discretion upon motion[,]" to order a trial by jury on any or all issues, also applies "*upon the failure of a party to demand a jury* in an action in which such a demand might have been made of right[.]" (emphasis supplied). No authority supports plaintiff's contention that the

---

**2.** Plaintiff does not suggest that she suffered from any "disability" at the time she waived a jury trial. Moreover, while the judgment of "new" counsel is offered as part of the basis of plaintiff's request, plaintiff was represented on May 8, 2001 by the same firm which represents her now. Finally, the undersigned observes that plaintiff's counsel does not explain the conclusion that plaintiff's case would be "better tried to a jury."

**3.** The undersigned ordered that dispositive motions be filed no later than July 22, 2002. *See* May 1, 2002 Order (Docket No. 120).

**4.** *See* Plaintiff's Motion to Reinstate Request for Trial by Jury at 2.

term "failure" applies to both the absence of a jury demand and the intentional waiver of a jury demand, *see* Plaintiff's Motion to Reinstate Request for Trial by Jury at 3 n. 1, and plaintiff's reliance upon *Cafritz* for that proposition is misplaced.

In *Cafritz*, this court held that "[r]ather than penalizing a party for failure to make a proper jury demand, the court should consider 'all of the factors.'" *Cafritz*, 770 F.Supp. at 30 (citation omitted). The court further identified such factors:

> whether the issues to be tried are jury issues; the effects on scheduling and trial preparedness; whether any party will be prejudiced by granting the [plaintiff] relief from its waiver; and the reasons why the [plaintiff] did not make a proper demand for jury trial.

*Id.* (citation omitted).

Assuming, without deciding, that this Circuit would counsel the application of the factors articulated in *Cafritz* to the issue presented here, the undersigned finds, for the reasons offered by defendant, that plaintiff has failed to make the requisite showing. While it is undisputed that "the issues to be tried are jury issues," the remaining factors militate against the relief which plaintiff seeks. Defendant has creditably articulated the manner in which its trial preparation and decision to forgo the filing of a motion for summary judgment was predicated upon plaintiff's waiver of her jury demand. *See* Defendant's Opposition at 3, 5–8. With respect to the final factor, "the reasons" why plaintiff did not make a proper jury demand— or, in this instance, made a proper demand and thereafter waived it— plaintiff has failed to offer any explanation other than that she, or her counsel, decided that "her case would be better tried to a jury." *See*

Motion to Reinstate Request for Trial by Jury at 6.

While purporting to rely upon *Cafritz*, plaintiff seemingly ignores the final factor in her assertion that "there is absolutely no requirement for a party to identify why she seeks to reinstate her jury demand." *See* Plaintiff's Reply at 2–3. While *Cafritz* includes no requirement that the movant state a reason, the court obviously contemplated that the movant would make some effort to explain the basis of the request for a jury trial where a jury trial had been waived. Indeed, the court observed that parties may ask the court to reinstate a jury trial "in light of changed circumstances," and held that "[i]t is for the Court to decide whether the particular circumstances of each case justify relief from the waiver[.]" *Cafritz*, 770 F.Supp. at 30. This court has also held that

> [t]here would of course seem to be less reason to relieve a party from an intentional waiver of the right to trial by jury than from an inadvertent waiver.

*Tavoulareas v. Piro*, 93 F.R.D. 11, 15 (D.D.C.1981).[5]

In sum, no authority supports the proposition that a plaintiff may make a jury demand in accordance with Rule 38; waive it in open court after conferring with counsel; then "reinstate" the jury demand over one year later, after both the close of discovery and the deadline for filing dispositive motions, and two months before the trial is scheduled to commence, simply because she "decided that her case would be better tried to a jury." Accordingly, plaintiff's request to do so will be denied.

---

**5.** Plaintiff does not suggest that her waiver of a jury trial was other than intentional. While the waiver considered by the court in *Tavoulareas* was the failure of the plaintiffs to make a timely demand for a jury trial, the distinction between an intentional waiver and an inadvertent waiver may reasonably be considered in the context of the instant request.

## CONCLUSION

For the foregoing reasons, it is, this _____ day of August, 2002,

**ORDERED** that Plaintiff's Motion to Reinstate Request for Trial by Jury (Docket No. 140) is **DENIED**.