Dexter **RICHARDS**, Plaintiff,

v.

The **PROCTER & GAMBLE MANUFACTURING COMPANY**, Defendant and Third–Party Plaintiff,

v.

**JAY MARITIME AGENCY CORP.**, Third–Party Defendant.

No. 90–CV–0057.

United States District Court, E.D. New York.

Jan. 9, 1991.

Duane C. Felton, Staten Island, N.Y., for plaintiff.

---

Kramer, Levin, Nessen, Kamin & Frankel, New York City, for defendant and third-party plaintiff, Procter & Gamble Mfg. Co.; Robert Culp, of counsel.

William Kimball, New York City, for third-party defendant, Jay Maritime Agency Corp.

## MEMORANDUM AND ORDER

BARTELS, District Judge.

This is a diversity personal injury case which was removed by the defendant, The Procter & Gamble Manufacturing Company ("defendant" or "P & G"), from the New York State court before the plaintiff ("plaintiff" or "Richards") had filed a demand for a jury trial in the New York court. Additionally, subsequent to the case being removed, Richards failed to file a timely demand for a jury trial pursuant to either Rule 38(b) or 81(c) of the Federal Rules of Civil Procedure, a situation which occurs not infrequently. He now demands a jury trial in this Court. The question here is whether the Court should grant plaintiff's untimely request despite the defendant's opposition.

## BACKGROUND

The problem in this case arises primarily because of the differing requirements in state and federal court with respect to jury trial demands. Under the New York Civil Practice Law a demand for a jury trial need not be made until a note of issue is filed, N.Y.Civ.Prac.L. & R. § 4102(a) (McKinney 1963); whereas, in the federal court, pursuant to Rule 38(b), a jury demand may be filed at any time after the commencement of the action and not later than 10 days after the service of the last pleading subject, however, to the exceptions set forth in Rule 81(c) with respect to removed cases and to the exercise of discretion by the Court pursuant to Rule 39(b).

This action was commenced in the Supreme Court of the State of New York, County of Richmond, on December 11, 1989. Thereafter, on December 21, 1989, Richards and P & G entered into a stipulation extending the latter's time to respond to the complaint to January 22, 1990. On January 5, 1990, the defendant removed the action to federal court and filed its answer on January 23, 1990. A Third–Party complaint was filed on January 25, 1990, against Jay Maritime Agency Corp. ("Jay Maritime"), whose answer and counterclaim were filed on March 27, 1990.[1] Accordingly, plaintiff's time to demand a jury trial expired on February 6, 1990.

An initial status conference was held before this Court on March 13, 1990, at which time a Pretrial Scheduling Order was entered. The parties appeared for another status conference on June 12, 1990, to resolve certain discovery matters and the Court entered an Amended Pretrial Scheduling Order.

Plaintiff subsequently, on July 17, 1990, made a motion for summary judgment against P & G which in turn filed motions (1) requesting summary judgment against Jay Maritime, (2) dismissing Jay Maritime's counterclaim, and (3) precluding plaintiff from calling certain expert witnesses.[2] On September 28, 1990, at the conclusion of oral argument on the motions, the Court sua sponte inquired whether this was a jury trial. Counsel for Jay Maritime replied that it was not, and indeed at no time had any of the parties made a demand for a jury trial. Plaintiff's counsel immediately responded, "[t]his case was removed to the federal courts, the rules of the New York State [sic] apply with respect to jury trials. Under New York State procedure the plaintiff need not request a jury trial ... until a note of issue is filed—." Transcript of Motion at 18. The trial date was then set for January 14, 1991, with all discovery to be concluded by November 16, 1990.

---

**1.** No jury trial demand was made with respect to the Third–Party action.

**2.** Richards' motion for summary judgment was denied as was P & G's motion for an order precluding Richards from calling expert witnesses. P & G's other motions were dismissed without prejudice to be renewed at the proper time.

On October 10, 1990, approximately ten months after the case was removed and nine months after defendant served its answer on the plaintiff, Richards did not make a formal motion for a jury trial but simply filed his demand.

The defendant and the third-party defendant claim that the plaintiff has waived his right to a jury trial by virtue of his failure to comply with either Rule 38(b)[3] or 81(c)[4] of the Federal Rules of Civil Procedure and that they would indeed be prejudiced if a jury trial were granted at this late stage.

Defendant's counsel states that it has "proceeded on [the assumption that this would be a bench trial] throughout discovery and in [its] preparation of the pretrial order." Weinberger Affidavit at 2. In reliance on this assumption, the defendant did not demand a jury trial with respect to its third-party complaint nor did counsel depose any of plaintiff's expert witnesses or obtain its own experts on certain questions pertaining to damages claimed by the plaintiff. Weinberger Affidavit at 2–4. Relying on the same assumption counsel for the third-party defendant "intentionally did not attend the deposition of plaintiff by defendant and third-party plaintiff or any depositions of witnesses noticed by either of the other parties, and intentionally did not consult or retain any outside engineering, medical, rehabilitation, economic, or other expert ... or attend the depositions of other parties' experts ..." Kimball Declaration at 3.[5]

Plaintiff acknowledges that his jury demand is indeed untimely. Felton Affidavit. Nevertheless, he asks this Court to exercise its discretion pursuant to Rule 39(b)[6] of the Federal Rules of Civil Procedure and grant the relief sought.

Clearly, the plaintiff has not satisfied the requirements set forth in Rule 38(b) since his demand for a jury trial was made some nine months after the defendant's answer was served. Furthermore, although Rule 81(c) of the Federal Rules of Civil Procedure deals with the question of jury demands in cases removed to the federal courts it addresses a limited and circumscribed class of cases, to wit: where (1) all necessary pleadings have been served prior to removal, (2) a party has, before removal, requested a jury trial in accordance with state law, or (3) state law does not require the parties to expressly demand trial by jury. The case at bar does not fit into any of the categories contemplated by Rule 81(c) since at the time the case was removed all responsive pleadings had not

---

**3.** Fed.R.Civ.P. Rule 38(b) reads in relevant part:

"*Demand.* Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue."

**4.** Federal. R.Civ.P. 81(c) provides in pertinent part:

"*Removed Actions.* These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal.... If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if his demand therefor is served within 10 days after the petition for removal is filed if he is the petitioner, or if he is not the petitioner within 10 days after service on him of the notice of filing the petition. A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal. If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury. The court may make this direction on its own motion and shall do so as a matter of course at the request of any party. The failure of a party to make demand as directed constitutes a waiver by him of trial by jury."

**5.** While discovery proceedings may differ depending upon whether the case is tried to a jury or the bench, third-party defendant counsel's rationale for not attending the plaintiff's deposition is not apparent to this Court.

**6.** Fed.R.Civ.P. 39(b) reads as follows:

"*By the Court.* Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

been served, no demand for trial by jury was made in the state court, and New York law does require that a specific demand for trial by jury be made when issue is joined. Therefore, the disposition of this question rests on the exercise of the Court's discretion pursuant to Rule 39(b).

■ It is well settled in this Circuit that mere inadvertence is not a sufficient ground for the exercise of this Court's discretion under Rule 39(b). *Noonan v. Cunard Steamship Co.*, 375 F.2d 69 (2d Cir. 1967) (Judge Friendly held that the plaintiff must show something beyond mere inadvertence to justify relief when an untimely jury demand is filed); *Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir.1973) (district court would commit reversible error were it to grant plaintiff's untimely jury demand where that request was the result of the case being removed to federal court and the fact that New York courts do not require a written request for a jury trial.)

A number of district courts have addressed the question of untimely jury demands and resolved the issue differently depending upon the circumstances of each case. *See Torchia v. Proctor & Gamble Productions, Inc.*, No. 89 Civ. 2589, 1989 WL 126065 (S.D.N.Y. Oct. 13, 1989) (RWS) (court refused to exercise its discretion under Rule 39(b) because the reason offered by plaintiffs for their failure to file timely jury demand did not go beyond mere inadvertence); *but see Catapano v. Western Airlines, Inc.*, 105 F.R.D. 621 (E.D.N.Y. 1985) (court exercised its discretion pursuant to Rule 39(b) and granted untimely jury demand because (1) case was removed to federal court; (2) personal injury action is normally tried before a jury; and (3) there was no demonstrable prejudice to the defendant).

The Court focusses its attention on two key Second Circuit cases. In *Higgins v. Boeing Co.*, 526 F.2d 1004 (2d Cir.1975), a consolidated case removed from state court, a mandamus was granted for a jury trial despite the lack of a demand therefor. However, it was held that there had been no prejudice to the defendant since it had proceeded for three years on the assumption contained in the order of consolidation that the action would be tried by a jury. The Court examined the relevant state statute in conjunction with Rules 39(b) and 81(c) of the Federal Rules of Civil Procedure and held that under the circumstances (a personal injury action in which the parties proceeded on the assumption that the actions would be tried before a jury and there was no prejudice to the defendants), the district court had discretion to relieve a party from the effect of failing to file the necessary demand for a jury trial.

In *Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389 (2d Cir.1983), the district court granted the plaintiff's request for a jury trial despite the fact that it was made some 15 months after the case was removed and on the eve of trial. The Second Circuit affirmed on the basis of the district court's finding that all of the *Higgins'* factors were present and that there was in fact more than mere inadvertence on plaintiff's part. The Court, however, did not "consign *Noonan* to overruled status" and held that "[*Noonan's*] holding shall continue to govern cases where it is applicable." *Id.* at 393.

■ While the facts in *Cascone* and the instant case are similar in many respects, they differ with respect to two crucial points. First, the Court finds that the plaintiff's failure to demand a jury trial was caused by his counsel's inadvertence and ignorance of the Federal Rules and his total reliance on state court procedures, nothing more. Second, unlike the parties in *Higgins*, the parties in this case did not proceed on the assumption that the case was to be tried before a jury; the defendant and third-party defendant proceeded on exactly the opposite theory and would in fact be prejudiced if plaintiff's demand for a jury trial was granted at this late date. Accordingly, the Court holds that this matter does not fall within *Higgins'* ambit and denies plaintiff's untimely application for a jury trial. Furthermore, if the Federal Rules of Civil Procedure are to have any meaning at all the Court should not exercise its discretion in favor of the plaintiff simply because the case is one which is

traditionally tried before a jury and his attorney erroneously relied on state court rules.

In conclusion, the plaintiff's concerns should be allayed since, as Judge Friendly observed, "[t]here is, of course, not the slightest reason to doubt that a judge is quite as able as a jury to make a fair determination" of the issues in this case. *Noonan,* 375 F.2d at 72.

## CONCLUSION

Plaintiff's demand for a jury trial is hereby DENIED.

SO ORDERED.