## Mary CARR

v.

## WAL–MART STORES, INC.

### Civ. A. No. 91–0006–A.

United States District Court, M.D. Louisiana.

July 29, 1991.

Keith B. Nordyke, Nordyke and Denlinger, Baton Rouge, La., for plaintiff Mary Carr.

John G. Swift, Davidson, Meaux, Sonnier, McElligott & Swift, Lafayette, La., for defendant Wal–Mart Stores, Inc.

## RULING

CHRISTINE A. NOLAND, United States Magistrate Judge.

This consent case comes before the Court on the defendant's motion to amend its answer to add a demand for trial by jury and its accompanying request that the Court exercise its discretion under Rule 39(b) of the Federal Rules of Civil Procedure to grant the tardy request for a jury trial. This slip-and-fall premises liability suit was commenced in state court on October 30, 1990 and was removed to this Court on January 3, 1991 after the defendant secured responses to interrogatories establishing that the plaintiff sought damages in excess of the minimum jurisdictional amount required for diversity jurisdiction. Neither party requested a jury trial while the matter was pending in state court and neither party requested a jury trial within the ten-day time limits allowed by Rule 81(c) following removal of the action to this Court.[1] At the ninety-day initial status conference held on May 16, 1991, defendant's counsel realized for the first time that a jury trial request had not been made,[2] and, five days later, on May 21,

---

**1.** Rule 81(c) provides in pertinent part: "If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if the party's demand therefor is served within 10 days after the petition for removal is filed if the party is the petitioner, or if not the petitioner within 10 days after service on the party of the notice of filing the petition." Fed.R.Civ.Pro. 81(c).

**2.** In the 90 Day Report, filed January 30, 1991, the defendant states that it "would prefer to have this case tried before a jury" although it

1991, moved to amend the defendant's answer to add a jury demand. The plaintiff opposes this motion as untimely under Rule 81(c) and the defendant seeks to invoke the Court's discretion under Rule 39(b) to grant the untimely request for a jury trial.

It is undisputed here that the defendant failed to request a jury trial within the time allowed under Rule 81(c) and that, as a technical matter, it therefore has waived any entitlement to demand a trial by jury as a matter of right. Nevertheless, this Court does have the discretion under Rule 39(b) to relieve the defendant from this waiver and to grant its untimely request for a jury trial. *E.g., Daniel International Corp. v. Fischbach & Moore, Inc.,* 916 F.2d 1061, 1064 (5th Cir.1990).[3] In considering whether to exercise this discretion, the Court must be mindful that the right to a jury trial in federal court is a fundamental constitutional right under the Seventh Amendment, such that "when the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary." *Swofford v. B & W, Inc.,* 336 F.2d 406, 409 (5th Cir.1964), *cert. denied,* 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965); *see also Daniel International Corp. v. Fischbach & Moore, Inc.,* 916 F.2d at 1064. Accordingly, a request for a jury trial under Rule 39(b) "should be favorably received unless there are persuasive reasons to deny it." *United States v. Unum, Inc.,* 658 F.2d 300, 303 (5th Cir.1981), *quoted in Daniel International Corp.,* 916 F.2d at 1064.

Under the relevant Fifth Circuit authority, the Court should consider the following five factors in considering the exercise of its discretion under Rule 39(b):

(1) whether the case involves issues which are best tried to a jury;

(2) whether granting the jury trial request would result in a disruption of the court's schedule or that of an adverse party;

(3) the degree of prejudice, if any, to the adverse party;

(4) the length of the delay in having requested a jury trial; and

(5) the reason for the movant's tardiness in requesting a jury trial.

*Daniel International Corp.,* 916 F.2d at 1064.

Applying these considerations to the case at bar, the Court concludes that it should exercise its discretion in favor of granting the untimely jury trial request in this case. First, the instant case is a garden variety slip-and-fall case of the sort that is routinely tried to a jury. The tort liability and personal injury damage issues presented in this case are particularly appropriate for trial by jury, as the factual and legal issues are relatively simple and straightforward. A jury is especially well suited for resolving this type of case as it presents what is essentially a factual dispute under established legal principles.

Second, granting the jury trial request will disrupt neither this Court's schedule nor that of the plaintiff. The only proceedings of any consequence that occurred in this Court prior to the defendant's jury trial request was the initial ninety day status conference, which established deadlines for discovery, motions, submission of expert reports, joinder of parties and amendment of pleadings. These deadlines are wholly unaffected by the matter of whether or not the case is ultimately tried to a jury rather than to the Court. Further, this matter has not been set down for trial

---

was willing to discuss alternative dispute resolution procedures. Apparently, the defendant was not aware and was not made aware at this time that a jury trial request had not been made.

**3.** The Court is not persuaded by the plaintiff's argument that Rule 39(b) applies only in actions brought originally in federal court and that it does not apply to provide relief from a party's failure to seek a jury trial within the time limits allowed under Rule 81(c) in a removal case. *Cf.*

*Farias v. Bexar County Board of Trustees,* 925 F.2d 866, 873 (5th Cir.1991) (the district judge had the discretion to order a jury trial under Rule 39(b), despite the party's waiver of the right to demand a jury trial under Rule 81(c), but properly exercised its discretion to deny the late jury trial request); *Bush v. Allstate Ins. Co.,* 425 F.2d 393, 395–96 (5th Cir.), *cert. denied,* 400 U.S. 833, 91 S.Ct. 64, 27 L.Ed.2d 64 (1970) (similar).

and it is this Court's practice to not set the matter down for trial until the completion of discovery and the holding of the final pretrial conference. Thus, granting the jury trial request will cause no disruption either to the Court's schedule or to the plaintiff's schedule in this matter, as it will have no affect at all on scheduling.

Third, the plaintiff has not identified any prejudice that she will sustain as a result of granting the request for a jury trial and no prejudice to the plaintiff is apparent from the record. This is not a case, for example, in which the request for a jury trial was made as a delaying tactic on the eve of trial or in which the adverse party already has prepared his case for a bench trial rather than a jury trial at the time of the Rule 39(b) request. *Cf. United States v. Unum, Inc.,* 658 F.2d at 302–03.

Fourth, the four month delay presented here, while lengthy, is not so extraordinarily lengthy that this factor, standing alone, counsels against the grant of the request for a jury trial in the absence either of any demonstration of prejudice or of any other strong and compelling reason against grant of the request. *Cf. Daniel International Corp.,* 916 F.2d at 1064–65 (on the facts presented, a four month delay did not counsel against honoring an untimely jury trial request where the matter had in fact been set for jury trial and the adverse party belatedly sought to strike the setting of the matter for a jury trial); *Swofford, supra* (on the facts presented, the district court did not abuse its discretion in granting an untimely jury trial request despite a nine month delay in requesting a jury trial).

And, with respect to the fifth factor—the reason for the movant's tardiness in requesting a jury trial—defendant's counsel readily concedes that the only reason for overlooking the absence of a jury trial request prior to the initial ninety day status conference was simple inadvertence on his part. It is well-established by a number of decisions from the Fifth Circuit that it is not an abuse of discretion to *deny* a Rule 39(b) request when the failure to make a timely demand for a jury trial results from mere inadvertence on the part of the moving party. *E.g., Farias v. Bexar County Board of Trustees,* 925 F.2d 866, 873 (5th Cir.1991); *Daniel International Corp.,* 916 F.2d at 1066; *Bush v. Allstate Ins. Co.,* 425 F.2d 393, 3956 (5th Cir.), *cert. denied,* 400 U.S. 833, 91 S.Ct. 64, 27 L.Ed.2d 64 (1970). These decisions do not establish, however, that it is an abuse of discretion to *grant* a Rule 39(b) request when the reason given for the failure to make a timely jury trial request is counsel's inadvertence.[4] In the instant case, there are numerous strong and persuasive reasons for granting the request for a jury trial—including the fundamental right to a jury trial under the Seventh Amendment, the particular suitability of the issues presented for trial by jury, the lack of any scheduling disruption due to the matter being only in the most preliminary stages of pretrial procedure, and, moreover, the lack of any discernible prejudice to the plaintiff. Balanced against these rather compelling reasons, the Court, in the exercise of its discretion under Rule 39(b), does not find that the fact that counsel's failure to timely request a jury trial resulted from mere inadvertence justifies denial of the request for relief under Rule 39(b) in this case.

In this regard, the Court finds that the observations made by the district court in the decision in *Pawlak v. Metropolitan Life Ins. Co.,* 87 F.R.D. 717 (D.Mass.1980), are equally applicable to this case:

---

4. *Accord Moody v. Pepsi–Cola Metropolitan Bottling Co.,* 915 F.2d 201, 207 (6th Cir.1990) (cases involving affirmances of denial of a jury trial under Rule 39(b) do not necessarily support the reversal of a district court's decision to grant a jury trial under the Rule); *Kitchen v. Chippewa Valley Schools,* 825 F.2d 1004, 1012–1013 (6th Cir.1987) (prior cases upholding denial of untimely jury trial request where "mere inadvertence" was the only reason for the delay did not require reversal of grant of jury trial request in this situation where no discernible prejudice to the adverse party was shown). *Cf. Daniel International Corp.,* 916 F.2d at 1065–66 (cases upholding district court denials of untimely jury trial requests where "mere inadvertence" was the only reason for the delay did not support district court's decision to strike a case from the jury calendar on a motion belatedly challenging the jury trial request for untimeliness).

The court is reluctant to permit the inadvertence of an attorney to cause the forfeiture of the client's important procedural right to jury trial in such a case as this one, unless some prejudice to the defendant or to the administration of justice generally is likely to result. No such countervailing factors are present here. Although the prospect that the opposing party would be prejudiced by allowance of a late request for jury trial is a weighty consideration, a mere showing of a tactical preference for nonjury trial is not a demonstration of prejudice in the relevant sense. In the present case no delay, no lengthening of trial, no added cost of trial, and no relevant prejudice of any other sense is shown.

Contrary to the folklore, it has become apparent, at least in this court, that nonjury trial of cases of the type presented here is likely to consume more judicial resources than jury trial. The preparation of the detailed findings of fact and conclusions of law required by Fed. R.Civ.P. 52 typically requires more time and attention than the preparation of jury instructions. Also, probably most trial lawyers would agree that preparation of proposed findings of fact and conclusions of law generally consumes more lawyer time than drafting proposed jury instructions in the same case. In this court, in relation to short cases, such as counsel in pre-trial submissions predict that this one will be, the choice between jury and nonjury trial does not significantly affect or delay the trial date. Moreover, the parties are more likely to receive a very prompt final disposition upon a jury's verdict than in a case tried to the court.

87 F.R.D. at 719–20.

Slip-and-fall cases such as this one of course are no stranger to this Court and, indeed, the undersigned recently has conducted two jury trials involving falls that allegedly occurred while in a Wal–Mart store. It certainly will require less judicial and legal resources to try this case as a jury trial rather than a bench trial. It will take far less time to adapt the jury charges given in the prior cases to this case than it would take for the counsel to submit proposed findings and conclusions and for this Court to prepare and issue findings of fact and conclusions of law. And, as in the *Pawlak* case, the parties, Mary Carr and Wal–Mart Stores, Inc., are far more likely to receive a prompt disposition of their claims and defenses if the matter is submitted to a jury for a verdict at the close of the evidence rather than submitted to the Court for issuance of post-trial findings of fact and conclusions of law, particularly in light of the burdens that already are being placed on this District's written motion calendar. Thus, in light of all of the compelling reasons favoring a grant of the Rule 39(b) request for a jury trial, the Court finds that the "just, speedy, and inexpensive determination"[5] of this action would best be achieved by granting the defendant's motion requesting a jury trial.

### CONCLUSION

Accordingly, for the foregoing reasons, the defendant's motion and request for a jury trial will be GRANTED, such that this matter will be placed on the Court's trial docket as a jury trial when the matter is set for trial.