**CREDIT BUREAU OF COUNCIL BLUFFS, INC., Plaintiff,**

**v.**

**CREDIT BUREAU DATA CENTERS, INC.; CSC Credit Services, Inc.; and Computer Sciences Corporation, Defendants.**

**No. 1–89–CV–70021.**

United States District Court,
S.D. Iowa, W.D.

July 15, 1992.

Lyle A. Rodenburg, Council Bluffs, Iowa, for plaintiff.

K.J. Walker of Faegre & Benson, Des Moines, Iowa and N.K. Alexander, Jr. of Baker & Botts, Houston, Tex., for defendants.

## ORDER GRANTING PLAINTIFF'S DEMAND FOR A JURY TRIAL

BENNETT, United States Magistrate Judge.

### I. INTRODUCTION AND FACTUAL BACKGROUND.

This case raises the question of whether Plaintiff's preremoval jury demand, which would satisfy federal but not state requirements, now entitles the Plaintiff to a jury trial under either *Fed.R.Civ.P.* 81(c), 39(b) or 38(b).

This matter is before the court pursuant to Plaintiff's Motion for Hearing on Jury Trial Demand filed June 23, 1992. On June 24, 1992, this court entered an order expediting the Defendants' resistance and setting this matter for hearing on July 6, 1992. The hearing was expedited because this case is set for trial on August 17, 1992. Prior to the hearing, the Defendants filed a Memorandum in Support of Resistance to Plaintiff's Motion for Hearing on Jury Trial Demand on July 1, 1992. Following the hearing, the Plaintiff, on July 8, 1992, filed Plaintiff's Memorandum Regarding Right to Jury Trial. The Plaintiff is represented by Lyle A. Rodenburg of Council Bluffs, Iowa. The Defendants are represented by K.J. Walker of Faegre & Benson in Des Moines and N.K. Alexander, Jr. of Baker & Botts in Houston, Texas.

This action was originally filed by the Plaintiff on January 27, 1989, in state court in the Iowa District Court for Pottawattamie County. Plaintiff sought a writ of injunction, alleged tortious breach of contract, intentional interference with contract, conspiracy and anti-trust claims. The first division of Plaintiff's petition was for equitable relief. In the prayer for relief, the remaining four divisions contained a demand for jury trial. Plaintiff did not file a "separate instrument" requesting a jury as required by *Iowa Rule of Civil Procedure* 177(b). The Defendants then removed this action to this court on February 3, 1989. Following the removal, Plaintiff filed no further pleading requesting a jury demand until the present motion was filed on June 23, 1992. Plaintiff alleges that this is due to the fact that "at all times material, except as regards the equitable division, the parties always considered the matter for jury trial." Plaintiff's Memorandum Regarding Right to Jury Trial, p. 2.

On October 2, 1989, Defendant Credit Bureau Data Centers, Inc. filed a jury demand on their counterclaims. Defendants demanded "a jury trial on all issues triable to a jury as to Defendant's counterclaims".

On May 21, 1990, the Plaintiff filed a recasted complaint reasserting its jury trial demand. On or about May 18, 1990, Defendants filed Defendants' Report Regarding Proposed Scheduling Order setting forth those aspects of our district's standard scheduling order on which the parties agreed and disagreed. On page 2 of Defendants' Report, Defendants propose that the "[p]retrial order, with exhibit lists, witness lists, *proposed jury instructions and jury interrogatories,* and trial brief, [sic] due March 2, 1990 (30 days before trial date)." (emphasis supplied).

On May 21, 1990, Judge O'Brien granted Defendants' Motion for Partial Summary Judgment and dismissed Plaintiff's antitrust and tortious breach of contract claims.

On December 4, 1991, the clerk of this court issued an order setting this case for a non-jury trial before the Honorable Harold D. Vietor in Council Bluffs on August 17, 1992. By separate order on that date, the clerk also set this matter for a final pretrial conference on July 30, 1992. On or about December 9, 1991, Plaintiff's counsel, Lyle Rodenburg, called the deputy clerk of court for the Council Bluffs division, Shirley Erickson, to inform her that he had recently received the order setting this matter for a non-jury trial and it was his belief that this case was a jury trial. Affidavit of Shirley Erickson, dated July 8, 1992, attached as Exhibit "C" to Plaintiff's Memorandum Regarding Right to Jury Trial. Ms. Erickson states in her affidavit, "[t]hat Mr. Rodenburg advised and upon checking the file I found that jury demands were present in the file". *Id.* at ¶ C. Ms. Erickson then states "[t]hat I called the clerk of court, James R. Rosenbaum, regarding the matter and he advised it would be a jury trial calendar setting and that he would call to the attention of the pre-trial magistrate whereupon I so advised Mr. Rodenburg". *Id.* at ¶ E.

## II. LEGAL ANALYSIS.

### A. *Introduction.*

Defendants strenuously assert that because the Plaintiff did not make a preremoval jury demand in accordance with state law, Plaintiff's jury demand is invalid

under *Fed.R.Civ.P.* 81(c). Additionally, Defendants argue that it would be an impermissible exercise of this court's discretion under *Fed.R.Civ.P.* 39(b) to grant Plaintiff a trial by jury. The Plaintiff argues, rather generally, that this court has discretion under *Fed.R.Civ.P.* 39(b) to grant its request for a jury trial. Plaintiff also argues that its pre-removal jury demand in state court complies with *Fed.R.Civ.P.* 38(b).

### B. *Fed.R.Civ.P. 81(c)—Jury Demands and Removed Actions.*

■ In actions removed from state court, the starting point for determining the propriety of a jury trial demand is *Fed.R.Civ.P.* 81(c). *Fed.R.Civ.P.* 81(c) provides in pertinent part:

> **(c) Removed Actions.** These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal.

> .    .    .    .    .

> If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if the party's demand therefor is served within 10 days after the petition for removal is filed if the party is the petitioner, or if not the petitioner within 10 days after service on the party of the notice of filing the petition. A party who, prior to removal, has made an express demand for trial by jury *in accordance with state law*, need not make a demand after removal.... (emphasis supplied).

■ The Defendants correctly observe in their well crafted brief that the Plaintiff's jury demand in this action was not *"in accordance with state law "* as required by *Fed.R.Civ.P.* 81(c). Defendants' Brief at pp. 2–3. The Defendants correctly argue that the Iowa Supreme Court has specifically held that the assertion of a request for a jury on the face of the pleading

asserting the claim rather than by separate instrument violates *Iowa R.Civ.P.* 177(b).[1] *Beneficial Finance Co. of Waterloo v. Lamos,* 179 N.W.2d 573, 576–77 (Iowa 1970). This is true under Iowa law even when the failure to request a jury trial in a separate instrument was because the attorney was not familiar with the requirement. *Id.* Thus, as Defendants correctly argue, *Fed. R.Civ.P.* 81(c) provides no basis for Plaintiff's claims to proceed with a jury trial. Plaintiff did not properly demand a jury trial under Iowa law as required by *Iowa R.Civ.P.* 177(b). Therefore, *Fed.R.Civ.P.* 81(c) does not save Plaintiff's jury demand because the demand was not *in accordance with state law*. Thus, if the Plaintiff is now entitled to a jury trial, *Fed.R.Civ.P.* 81(c) may not form the basis of Plaintiff's right.

### C. *Fed.R.Civ.P. 39(b)—Discretion for Untimely Demands.*

#### 1. Introduction.

■ To their credit, Defendants nevertheless raise the question of whether or not *Fed.R.Civ.P.* 39(b) permits this court to grant Plaintiff's Request for a Jury Trial even though Plaintiff did not comply with state law or *Fed.R.Civ.P.* 81(c). *Fed. R.Civ.P.* 39(b) states:

> **(b) By the Court.** Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

Defendants strongly assert that Plaintiff's failure to comply with the *Iowa Rules of Civil Procedure* (Rule 177(b)) and the *Federal Rules of Civil Procedure* (Rule 81(c)) constitute inadvertence or oversight and are impermissible reasons for this

---

1. *Iowa R.Civ.P.* 177(b) states as follows:
    (b) A party desiring a jury trial of an issue must make written demand therefor by filing a separate instrument clearly designating such demand not later than ten days after the last pleading directed to that issue. If filed with the petition, the jury demand shall be served with the original notice and petition. If filed after the petition, the jury demand shall be served and filed in accordance with R.C.P. 82.

court to exercise its discretion to grant a jury trial.

### 2. The Authorities Relied on by Defendants.

In support of their argument that this court should not exercise its discretion to grant Plaintiff a jury trial, Defendants rely on four decisions. They are *Farias v. Bexar County Board of Trustees*, 925 F.2d 866 (5th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 193, 116 L.Ed.2d 153 (1991); *Littlefield v. Fort Dodge Messenger*, 614 F.2d 581 (8th Cir.), *cert. denied,* 445 U.S. 945, 100 S.Ct. 1342, 63 L.Ed.2d 779 (1980); *Lewis v. Time, Inc.*, 710 F.2d 549 (9th Cir.1983), *overruled on other grounds by Unelko Corp. v. Rooney,* 912 F.2d 1049, 1052–53 (9th Cir.1990); and *Richards v. Procter & Gamble Mfg. Co.*, 753 F.Supp. 71 (E.D.N.Y. 1991). These authorities will be addressed individually.

In *Farias,* 925 F.2d at 873, the Fifth Circuit held that:

> [a] rule 39(b) motion is discretionary with the judge. Despite 'the general principle that a court should grant a jury trial in the absence of strong and compelling reasons to the contrary', *Mesa Petroleum Co. v. Coniglio,* 629 F.2d 1022, 1029 (5th Cir.1980), we adhere to a long line of precedent in finding no abuse of discretion. 'It is not an abuse of discretion by a District Judge to deny a Rule 39(b) motion ... when the failure to make a timely jury demand results from mere inadvertence on the part of the moving party.' *Bush v. Allstate Ins. Co.,* 425 F.2d 393, 396 (5th Cir.), *cert. denied,* 400 U.S. 833, 91 S.Ct. 64, 27 L.Ed.2d 64

(1970). *See O'Malley v. United States Fidelity and Guaranty Co.,* 776 F.2d 494, 502 (5th Cir.1985); *Fredieu v. Rowan Cos., Inc.,* 738 F.2d 651, 654 (5th Cir.1984); *Rhodes v. Amarillo Hosp. Dist.,* 654 F.2d 1148, 1154 (5th Cir.1981); *Mesa Petroleum Co.,* 629 F.2d at 1029 (finding no abuse of discretion despite stating the 'strong and compelling reasons to the contrary' principle). Farias offered no viable reasons for his delay and therefore we assume the dealy resulted from mere inadvertence. Accordingly, the district judge did not abuse his discretion by not granting Farias a jury trial. (footnote omitted).

The court does not read *Farias* as requiring the exercise of discretion to deny a jury trial under the facts presented here.[2] As the court stated in *Carr v. Wal–Mart Stores, Inc.,* 138 F.R.D. 80, 82 (M.D.La. 1991), "[t]hese decisions [*Farias v. Bexar County Board of Trustees,* 925 F.2d 866 (5th Cir.1991)], do not establish, however, that it is an abuse of discretion to *grant* a *Rule* 39(b) request when the reason given for the failure to make a timely jury trial request is counsel's inadvertence." (footnote omitted). In *Farias,* no timely jury demand was filed and the court found that Farias offered no viable reason for the delay. *Farias,* 925 F.2d at 873. The court is of the belief that the Plaintiff's conduct here takes him outside the context of the "mere inadvertence" rule. This is because, *inter alia,* Plaintiff's initial timely jury demand in state court before the removal complied with *Fed.R.Civ.P.* 38(b).

Likewise, the court finds that *Littlefield v. Fort Dodge Messenger* supplies little

---

**2.** The Defendants have not cited and the court's research has not found an Eighth Circuit case requiring denial of a jury trial demand under *Rule* 39(b) when the failure to make a timely demand arises from "mere inadvertence". Nor does the court believe that the Plaintiff's conduct here can be characterized as mere inadvertence. While on the one hand it would seem that "definitionally a party's failure to demand a jury trial is either inadvertent or intentional", *Tavoulareas v. Piro,* 93 F.R.D. 11, 14 n. 4 (D.D.C. 1981), the court does not believe that the phrase "mere inadvertence" should be read so broadly. In the broadest sense, every non-intentional failure to demand a jury trial would be inadvertent.

"There would of course seem to be less reason to relieve a party from an intentional waiver of the right to trial by jury than by an inadvertent waiver." *Id.* Thus, the discretion of *Rule* 39(b) would be read out of the *Rule*—at least regarding inadvertent waivers. Whatever the meaning of the phrase "mere inadvertence" which the court does not believe it needs to resolve here, Plaintiff's conduct regarding the jury demand was substantially different than in many cases of true inadvertence. *See, e.g., id.* at 14 (counsel's failure to make a timely jury demand resulted from the press of other business during the holiday season).

support for Defendants' argument. Indeed, the court in *Littlefield* noted concerning *Rule* 39(b) that

> [w]e agree that the court's "ought to approach each application under Rule 39(b) with an open mind," 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2334, at 116 (1971), and that jury trials ought to be liberally granted when no prejudice results....

*Littlefield*, 614 F.2d at 585. Additionally, the court in *Littlefield* found that the plaintiff's late demand for a jury trial at the pretrial conference would have further delayed final disposition of the matter. *Id.* This would have been particularly inappropriate in light of the court's observation "that Littlefield engaged in a pattern of conduct apparently intended to delay trial." *Id.*

The Defendants' reliance on *Lewis v. Time, Inc.*, 710 F.2d at 556–57, provides considerably more support for their position. Interestingly, *Lewis* is also a case removed from state court (California) to federal court. *Id.* at 556. Prior to removal, Lewis did not request a jury trial. *Id.* Lewis did not request a jury trial until nine months after defendant, Time, Inc., filed its answer. The United States Court of Appeals for the Ninth Circuit affirmed the trial court's denial of a jury trial and stated that "Rule 39(b) does not permit relief for the waiver caused by oversight or inadvertence...." *Id.* at 557. *Lewis* is distinguishable because the Plaintiff here did demand a jury trial prior to removal (although not in accordance with state law, it was in compliance with *Fed.R.Civ.P.* 38(b)), and the Defendants here, unlike the defendants in *Lewis*, also believed—at least for a period of time—that the case was subject to a jury demand.

The final authority relied upon by the Defendants is *Richards v. Procter & Gamble Mfg. Co.*, 753 F.Supp. 71 (E.D.N.Y. 1991). The Defendants correctly note that the court in *Richards* held that mere inadvertence is not a sufficient ground for the exercise of discretion under *Rule* 39(b). *Id.* at 74.[3] However, *Richards* too, is distinguishable from the present action. First, Richards failed to make a jury demand under state law prior to removal to federal court—although he was not required to do so by New York law because New York law allows for a later filing of a jury demand than Iowa law. *Id.* at 72. Thus, the court concluded that "Richards failed to file a timely demand for a jury trial pursuant to either Rule 38(b) or 81(c)...." *Id.* Also, unlike the situation here, the defendants in *Richards* proceeded on the assumption from the beginning of the case throughout discovery and preparation of the pretrial order, that it would be a bench rather than a jury trial. *Id.* at 73. Additionally, unlike the situation here, the defendants did not demand a jury trial with respect to their third party complaint. *Id.* at 73. Finally, unlike the situation here, the defendants were able to point to specific prejudice. As a result of the plaintiff's failure to file a timely jury demand, one defendant did not depose any of plaintiff's expert witnesses or obtain their own expert witnesses on certain questions pertaining to damages claimed by the plaintiff. *Id.* Another defendant did not attend certain depositions. *Id.* This led the court in *Richards* to make a specific finding that the defendant "would in fact be prejudiced if plaintiff's demand for a jury trial was granted at this late date". *Id.* at 74. The court concludes that none of the four au-

---

**3.** There appears to be a split in the United States Court of Appeals on the issue of whether a district court must deny a motion under *Rule* 39(b) if the only reason given for the late jury demand is inadvertence or oversight. *See Orlowski v. TRW, Inc.*, 765 F.Supp. 1277, 1278 (E.D.Mich.1991) (noting that the "Sixth Circuit does not follow the Ninth Circuit's rigid approach"); *Rowlett v. Anheuser–Busch, Inc.*, 832 F.2d 194, 199–200 (1st Cir.1987) (rejecting the approach of the Second and Ninth Circuits— "[w]e are of the view that the discretion under Rule 39(b) is very broad and that the case would be very rare indeed where a district court abused its discretion in denying *or* granting a Rule 39(b) motion.") It does not appear that the United States Court of Appeals for the Eighth Circuit has taken a position on the inadvertence or oversight rule. However, the broad language in *Littlefield*, 614 F.2d at 585, "that jury trials ought to be liberally granted when no prejudice results, ..." suggests the court would not follow the inadvertence or oversight rule.

**212**

thorities relied upon by the Defendants require the conclusion urged by the Defendants that the court must exercise its discretion under *Rule* 39(b) to deny Plaintiff's demand for a jury trial. Indeed, the principles guiding the exercise of the court's discretion under *Rule* 39(b) discussed below, strongly suggest the opposite result.

### 3. The Principles Guiding the Exercise of Discretion Under Rule 39(b)

■ As the court recently observed in *Waldermeyer v. ITT Consumer Fin. Corp.*, 767 F.Supp. 989, 994 (E.D.Mo.1991), "[g]enerally, 'jury trials ought to be liberally granted when no prejudice results.' *Littlefield v. Fort Dodge Messenger*, 614 F.2d 581, 583 (8th Cir.1980)." Moreover,

> "[w]hen the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary." A motion for trial by jury under this rule "should be favorably received unless there are persuasive reasons to deny it." *United States v. Unum*, 658 F.2d 300, 303 (5th Cir.1981)."

*Daniel Intern. Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990) (citation omitted). The above principles limit a district court's discretion denying an untimely jury trial demand under *Rule* 39(b) because the right to jury trial is preserved by a constitutional amendment and "the seventh amendment confers a fundamental right." *Id.* at 1064; *Carr v. Wal–Mart Stores, Inc.*, 138 F.R.D. 80, 81–82 (M.D.La.1991).[4]

■ The United States Court of Appeals for the Fifth and Eleventh Circuits have promulgated five factors that district courts should consider in the exercise of discretion under *Rule* 39(b). They are:

(1) whether the case involves issues which are best tried to a jury;

(2) whether granting the motion would result in a disruption of the court's schedule or that or an adverse party;

(3) the degree of prejudice to the adverse party;

(4) the length of the delay in having requested a jury trial; and

(5) the reason for the movant's tardiness in requesting a jury trial.

*Daniel*, 916 F.2d at 1064; *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir.), *cert. denied*, 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983).[5]

Application of the five considerations set forth above to the present case require this court to find that the Plaintiff is entitled to a jury trial under *Rule* 39(b). First, the issues that remain in this case following Judge O'Brien's grant of Defendants' Partial Motion for Summary Judgment on June 27, 1991, appear to be breach of contract (Division II); intentional interference with contract and breach of fiduciary duty (Division III); and fraud and conspiracy (Division IV). These are the type of issues which are traditionally tried by a jury. *See, e.g., Daniel*, 916 F.2d at 1064 (contract dispute the sort of action usually tried by a jury); *Cafritz*, 770 F.Supp. at 30 (breach of contract and fraudulent conveyance claims well suited to jury trial); *Davis–Watkins Co. v. Service Merch. Co., Inc.*, 500 F.Supp. 1244, 1251–52 (M.D.Tenn.1980), *aff'd*, 686 F.2d 1190 (6th Cir.1982), *cert. denied, Service Merch. Co., Inc. v. Amana Refrigeration, Inc.*, 466 U.S. 931, 104 S.Ct. 1718, 80 L.Ed.2d 190 (1984) (six week anti-trust case

---

**4.** The Seventh Amendment to the U.S. Constitution guarantees the right to a trial by jury in "suits of common law, where the value in controversy shall exceed twenty dollars...." *See Pernell v. Southall Realty*, 416 U.S. 363, 94 S.Ct. 1723, 40 L.Ed.2d 198 (1974). It has been universally recognized, however, that the right to a jury trial may be waived. "The waiver need not be knowing and intelligent in order to be effective; the right may be waived by the mere 'failure to comply with reasonable rules,' even if that failure is unintentional." *Hiotis v. Sherman Distributors of Maryland, Inc.*, 607 F.Supp. 217, 219 (D.C.D.C.1984) (*citing Kass v. Baskin*,

164 F.2d 513, 515 (D.C.Cir.1947)). While this right may be waived, this court agrees with those courts that have held that the constitutional basis for a jury trial limits the court's discretion to deny an untimely jury demand under *Rule* 39(b).

**5.** The district court in *Federal Deposit Ins. Corp. v. Cafritz*, 770 F.Supp. 28, 30 (D.D.C.1991), adopted substantially the same factors in guiding a district court's exercise of discretion under *Rule* 39(b).

with "massive" evidence appropriate for jury trial).

Secondly, granting the request for a jury under *Rule* 39(b) "does not have significant implications for the Court's docket or for the scheduling of this case." *Cafritz*, 770 F.Supp. at 31. Trial is not for a month and the granting of Plaintiff's request for a jury trial will not affect the court's docket or require the rescheduling the trial of this case. Also, there could be no disruption of the Defendants' schedule as it relates to this litigation because this case will be tried on August 17, 1992, regardless of whether or not it is a jury trial.

The third factor is the degree of prejudice to the adverse party. Here, Defendants claim prejudice. On page 5 of their Memorandum in Support of Resistance to Plaintiff's Motion for Hearing on Jury Trial Demand, Defendants state they "will be prejudiced if, at this late stage, just prior to the final pretrial conference and trial of this case, they are required to prepare to try this case to a jury." However, not only do the Defendants fail to specify how they would be prejudiced, they fail to set forth any factual basis supporting their claim of prejudice. *See, e.g. Carr v. Wal–Mart Stores, Inc.*, 138 F.R.D. 80, 82 (M.D.La. 1991) ("the plaintiff has not identified any prejudice that she will sustain as a result of granting the request for a jury trial and no prejudice to the plaintiff is apparent from the record.") Thus, with regard to the claim of prejudice, this case differs dramatically from *Richards v. Procter & Gamble Mfg. Co.*, 753 F.Supp. 71 (E.D.N.Y. 1991) which the Defendants rely on here in their memorandum. In *Richards*, the parties opposing the *Rule* 39(b) request for jury trial demonstrated the following specific prejudice: (1) the defendant did not demand a jury trial with respect to its third-party complaint; (2) nor did the defendant depose any of plaintiff's expert witnesses or obtain its own experts on certain questions pertaining to damages claimed by the plaintiff; (3) the third-party defen-

dant intentionally did not attend the various depositions initiated by other parties in the litigation; and (4) did not consult or retain any outside engineering, medical, rehabilitation, economic, or other expert nor did they attend the depositions of the other party's experts. This specific showing of prejudice by way of affidavit in *Richards* is in sharp contrast to the Defendants' general claim of prejudice here.

█ Moreover, the Defendants asserted in their report regarding proposed scheduling order on or about May 18, 1989—prior to their request for a jury trial in their counterclaim—that they believed this case would be a jury trial.[6] Finally, notwithstanding their statement in their memorandum concerning their willingness to waive their jury trial demanded on their counterclaims [7]—Defendants presently have in full force and effect a jury demand on those claims. Furthermore, pursuant to *Fed. R.Civ.P.* 38(d), "[a] demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties". Thus, the Defendants may not waive their jury trial demand on their counterclaims without the consent of the Plaintiff. *See, e.g., Casperone v. Landmark Oil & Gas Corp.*, 819 F.2d 112, 116 (5th Cir.1987) ("a proper demand for a jury cannot be withdrawn without the consent of all the parties....."); *Rosen v. Dick*, 639 F.2d 82, 91–92 (2d Cir.1981) (Rule 38(d) "ensures that one party may rely on another's jury demand"). Therefore, because the Defendants have failed to obtain the Plaintiff's consent to waive their jury demand, there will be a jury trial in this case, in any event, on Defendants' counterclaims. This strongly militates against Defendants' argument that they would somehow be prejudiced by a jury trial on Plaintiff's claims. "Although the prospect that the opposing party would be prejudiced by allowance of a late request for jury trial is a weighty consideration, a mere showing of a tactical preference for nonjury trial is not a demon-

---

6. Plaintiff's Memorandum Regarding Right to Jury Trial, Exhibit B.

7. Memorandum in Support of Resistance to Plaintiff's Motion for Hearing on Jury Trial Demand, p. 5 n. 3.

stration of prejudice in the relevant sense". *Carr*, 138 F.R.D. at 83.

Utilizing the above five factors, the court determines that each factor weighs in favor of granting the Plaintiff a jury trial. Additionally, the court determines that there is an independent basis, as set forth below, for reaching this same result.

### D. Fed.R.Civ.P. 38(b)—An Alternative Independent Basis Supporting Plaintiff's Jury Trial Demand.

Fed.R.Civ.P. 38(b) states:

**(b) Demand.** Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.

While Plaintiff's initial jury demand is not in accordance with state law, the court believes it satisfies the requirement of *Federal Rule of Civil Procedure* 38(b). Under *Rule* 38, "[s]uch demand may be indorsed upon a pleading of the party." A virtual identical fact pattern was addressed in *Mondor v. United States Dist. Court for the Cent. Dist. of Cal.*, 910 F.2d 585, 586–87 (9th Cir.1990). As was the situation in *Mondor*, Plaintiff here filed its petition in state court with a jury demand which would have satisfied *Fed.R.Civ.P.* 38(b) had it been filed in federal court. The jury demand in both instances, however, failed to comply with state law. The cases were then removed to federal court. The court in *Mondor* specifically held:

[w]e therefore hold that, where a pre-removal jury demand would satisfy federal but not state requirements, that demand is incorporated into the federal record upon removal, and is deemed to satisfy Rule 38(b). Because Plaintiff's complaint, when removed to federal court, became part of the federal court record, the jury demand incorporated in it satisfied Rule 38(b).

*Id.* at 587.

The court concurs with this holding. Plaintiff's petition, when removed to federal court, became a part of the record in this case, and contained a jury demand which satisfied the requirements of Rule 38(b).

### E. Conclusion.

Plaintiff's pre-removal jury demand was not filed in accordance with *Iowa R.Civ.P.* 177(b). Therefore, pursuant to *Fed.R.Civ.P.* 81(c), Plaintiff's jury demand would not entitle the Plaintiff to a jury trial because it was not filed in accordance with state law. However, the court may, in the exercise of discretion pursuant to *Fed.R.Civ.P.* 39(b), grant Plaintiff's request for a jury trial. Utilizing the five factors set forth by the United States Courts of Appeal for the Fifth and Eleventh Circuits, this court determines that the proper exercise of discretion compels the conclusion that the Plaintiff is entitled to a jury trial. Alternatively, this court holds that where a pre-removal jury demand would satisfy federal but not state requirements, that demand is incorporated into the federal record upon removal, and is deemed to satisfy *Fed.R.Civ.P.* 38(b).

For the reasons set forth above, the Plaintiff is entitled to a jury trial.

IT IS SO ORDERED.