**Jacqueline JOHNSON, Plaintiff,**

v.

**John H. DALTON, Secretary of the Navy, et al., Defendants.**

**No. SACV 99–100 DOC(ANX).**

United States District Court, C.D. California.

July 1, 1999.

Melanie E. Lomax, Melanie E. Lomax & Associates, Los Angeles, CA, for Jacqueline Johnson, plaintiff.

John K. Rubiner, AUSA—Office of U.S. Attorney, Los Angeles, CA, for John H. Dalton, Secretary of the Navy, a United States executive branch agency, defendant.

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE JURY DEMAND

CARTER, District Judge.

Plaintiff Jacqueline Johnson ("Johnson") filed this case against John H. Dalton, the Secretary of the United States Navy ("Secretary") and Jeff Dexter ("Dexter"), Johnson's supervisor. Johnson, an African American woman, alleges that Dexter, a white male, harassed her and discriminated against her on the basis of race and gender. The Secretary brought this motion to strike plaintiff's jury demand.

Johnson, a civilian employee of the Navy, worked at the Long Beach Shipyard, first as a clerk typist and then as a budget analyst. Dexter, a Deputy Controller, directly supervised her during the relevant time period. Johnson alleges that Dexter and the Navy subjected her to sexual and racial harassment. Specifically she alleges that, among other things:

(1) Dexter made comments about plaintiff's body, appearance, and sexuality. For example, Dexter allegedly asked Johnson to wear negligees and miniskirts, invited her to swim naked in his swimming pool, whispered sexually explicit phrases to her, and repeatedly asked her to engage in a sexual relationship with him. First Amended Complaint ¶¶ 21, 28, 32.

(2) Dexter massaged her arms and breasts, and also rubbed his groin against her buttocks, legs, and thighs. First Amended Complaint ¶¶ 26–27.

(3) Dexter suggested that she exchange sexual favors for a promotion or other favorable work reviews. First Amended Complaint ¶¶ 29, 30, 31.

(4) The Navy repeatedly denied Johnson's requests to transfer to a different supervisor, even after she had reported the alleged sexual and racial harassment and discrimination. First Amended Complaint ¶ 47.

(5) Dexter made derogatory comments about her race and used racial slurs. First Amended Complaint ¶ 57.

(6) The Navy gave bonuses to white men with less experience and time on the job, but not to Johnson. First Amended Complaint ¶ 70.

(7) Dexter retaliated against her for refusing to give in to his advances and for reporting the alleged sexual and racial harassment and discrimination. First Amended Complaint ¶¶ 77–81.

Plaintiff filed her Complaint on August 20, 1998. She checked a box on the civil cover sheet indicating that she had made a jury demand. At the April 19, 1999 Mandatory Status Conference, plaintiff indicated that she had made a jury demand and expected a jury trial. However, plaintiff did not make a formal written jury demand until April 23, 1999.

The Secretary argues that plaintiff has waived her right to a jury trial by failing to timely file a jury demand. Federal Rule of Civil Procedure 38(b) provides: "Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue . . . ." Rule 38(d) states: "The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury." The Ninth Circuit has held that a notation on a civil cover sheet does not constitute a written jury demand for purposes of Rule 38. *See Wall v. National R.R. Passenger Corp.,* 718 F.2d 906, 909 (9th Cir.1983) ("The civil docket sheet is an administrative document designed to facilitate the court's management of a trial and is not served on the opposing party. Thus, it cannot substitute for proper service under Rule 38(b)."). Accordingly, plaintiff failed to timely file a written jury demand as required by Rule 38.

Rule 39, however, gives district courts discretion to excuse noncompliance with Rule 38. Rule 39(b) provides: "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." The Secretary of the Navy contends that despite the language in Rule 39(b), the Court does not have any discretion in this case because plaintiff's counsel has admitted that the failure to timely file a jury demand was the result of "oversight or inadvertence." *See, e.g., Lewis v. Time, Inc.,* 710 F.2d 549, 556 (9th Cir.1983) ("discretion is narrow, however, and does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence."). Plaintiff does not challenge the Secretary's assertion that the failure to timely file a jury demand resulted from inadvertence. Rather, plaintiff argues that because the right to a jury trial is fundamental and because the Secretary would not be prejudiced by an adverse ruling, the Court should exercise its discretion under Rule 39(b) and allow plaintiff's untimely jury demand.

The plain language of Rule 39(b) indicates that district courts have discretion in this area. The Ninth Circuit has reaffirmed several times the discretion of district courts to *deny* an untimely motion for a jury trial. *Kletzelman v. Capistrano Unified School Dist.,* 91 F.3d 68, 71; *Craig v. Atlantic Richfield Co.,* 19 F.3d 472, 477 (9th Cir.1994); *Blau v. Del Monte Corp.,* 748 F.2d 1348, 1357 (9th Cir.1984); *Lewis,* 710 F.2d at 556. However, despite the language of Rule 39(b), some Ninth Circuit cases suggest that district courts have only limited discretion to *allow* a jury trial when failure to timely request a jury trial resulted from "oversight or inadvertence." *See id; see also Noonan v. Cunard Steam-*

ship Co., Ltd., 375 F.2d 69 (2d Cir.1967) (Friendly, J.); *but cf. Raymond v. International Business Machines, Corp.,* 148 F.3d 63, 65–67 (2d Cir.1998) (even when *Noonan* "inadvertence" standard bars relief under Rule 39(b), court may find that "excusable neglect" "standard under Rule 6(b)(2) justifies granting an untimely motion for jury trial"). Nevertheless, no Ninth Circuit case directly addresses the issue. *But see Russ v. Standard Ins. Co.,* 120 F.3d 988, 989–90 (9th Cir.1997) (court does not have discretion under Rule 41(a)(2) to allow plaintiff to dismiss, refile, and make a timely jury demand).

Other circuits which have directly faced the issue have concluded that district courts have broad discretion in the area and have upheld decisions by district courts to proceed with a jury trial after inadvertent failure to timely file a jury demand. *See, e.g., Rowlett v. Anheuser–Busch, Inc.,* 832 F.2d 194, 199–200 (1st Cir.1987); *see also Moores v. Greenberg,* 834 F.2d 1105 (1st Cir.1987) (that party erroneously relied on notation on civil cover sheet supports granting untimely request for jury trial); *Pinemont Bank v. Belk,* 722 F.2d 232 (5th Cir.1984) (same). Indeed the Fifth and Tenth Circuits have concluded that "the Court should grant a jury trial in the absence of strong and compelling reasons to the contrary." *Swofford v. B & W, Inc.,* 336 F.2d 406, 409 (5th Cir.1964); *accord Lewis v. Thigpen,* 767 F.2d 252, 257 (5th Cir.1985); *Merritt v. Faulkner,* 697 F.2d 761, 766–67 (7th Cir.1983); *AMF Tuboscope, Inc. v. Cunningham,* 352 F.2d 150, 155 (10th Cir. 1965).

Despite suggestions in Ninth Circuit opinions that the Court does not have discretion in this case, the Court finds that the Rule itself, case law, and policy support the court's exercise of discretion here.[1]

1. Some courts have examined five factors: "(1) whether the case involves issues which are best tried to a jury; (2) whether granting

the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse

First, Rule 39(b) clearly grants the Court "discretion" to choose to override the waiver provision of Rule 38. The Rules do not limit this discretion at all.

Second, adopting a flexible approach to Rule 39 comports with the general intent behind the Federal Rules of Civil Procedure:

Technical insistence upon imposing a penalty for failing to follow the demand procedure by denying a jury trial is not in the spirit of the Federal Rules. The rules do not limit the court's discretion in ordering a jury in cases in which there would have been a right to jury trial. The court ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application or even a preconceived notion that applications of this kind usually are to be denied.

9 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 2d § 2334 (footnotes omitted).

Third, although Ninth Circuit cases suggest more narrow discretion to grant untimely motions for jury trial, the case law in general upholds the discretion of the trial court.

Fourth, the Constitution guarantees a right to a jury trial. While the waiver provisions raise no constitutional infirmity, it is more in keeping with the spirit of the important right at issue to allow a trial judge to reinstate the jury trial.

Fifth, a narrow reading of Rule 39(b) would in this case allow a mistake by counsel to harm the client.

Sixth, the jury demand, while untimely, does not prejudice defendant. The jury demand was made only a few months late. Trial is still many months away. Defendant does not and could not claim prejudice.

Seventh, the right to trial by jury is especially important in this particular case. In a case such as this one which involves serious allegations of racial and sexual harassment and discrimination, the collective wisdom of the community should act as a constant guide. When facing such volatile issues, the input of the jury can increase the legitimacy and integrity of the court system.

Accordingly, defendant's motion to strike plaintiff's jury demand is DENIED. IT IS SO ORDERED.

party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial." *Credit Bureau of Council Bluffs, Inc. v. Credit Bureau Data Centers, Inc.,* 143 F.R.D. 206, 212 (S.D.Iowa 1992) (citing *Daniel Int'l Corp. v. Fischbach & Moore, Inc.,* 916 F.2d 1061, 1064 (5th Cir.1990); *Parrott v. Wilson,* 707 F.2d 1262, 1267 (11th Cir.1983)).